## 11285

### STATE v. MAHAFFEY

#### (118 S. E., 623)

1. Criminal Law—Defendant Not Entitled to Charge as to Accomplice's Testimony.—An exception that defendant was deprived of a charge as to accomplice's testimony, *held* without merit, as the jury is the judge of the weight of the evidence.

2. Criminal Law—Sufficiency of Evidence Considered, Notwithstanding Absence of Motion for Directed Verdict and of Argument for New Trial.—Where attorneys were changed, notwithstanding that no motion for a directed verdict was made and the motion for a new trial was not argued, in view of the peculiar circumstances of the case and in order that substantial justice may be done, the evidence was considered and held insufficient to sustain the verdict.

Before Mendel L. Smith, Special Judge, Anderson, Fall Term, 1922. Reversed and remanded.

Walter Mahaffey was convicted of robbery, grand larceny, and simple assault and appeals.

*Mr. Leon L. Rice,* for appellant, cites: *Evidence of an accomplice:* 85 S. C., 280; 3 Strob., 508; 15 S. C., 434; 26 S. C., 198; 48 S. C., 138; 83 S. C., 82; 11 S. C., 275; 113 S. C., 103; 98 S. E., 845.

*Mr. L. W. Harris, Solicitor,* for the State.

July 31, 1923.

The opinion of the Court was delivered by Mr. Justice Watts.

The "case" contains the following statement:

"The defendant, Walter Mahaffey, was tried along with John Lollis, at the fall term of the Court of Sessions for Anderson County, for robbery and grand larceny and assault and battery with intent to kill, upon L. W. Lollis. In the same indictment Zera Durham and C. S. Whitmire were charged with the same offense, but only John Lollis and Walter Mahaffey were tried. Mr. J. D. Lanford, an attorney of Greer, S. C., appeared for both defendants on the trial of the case; motion for new trial was entered, but not argued. After sentence, notice of appeal was served, and he proceeded no further. The verdict was as follows: 'We find the defendants John Lollis and Walter Mahaffey guilty of robbery, grand larceny, and simple assault, with recommendation for mercy as to Walter Mahaffey.' The time elapsed for perfecting the appeal, and the father of Walter Mahaffey, upon being notified that his appeal had not been perfected, obtained permission of the Solicitor to employ other counsel and allow him a reasonable time to perfect the appeal."

The exceptions, three in number, raise two points: One that the evidence does not sustain the verdict; and the other that the defendant was deprived of any charge upon the law as to the testimony of an accomplice. The latter must be overruled. This Court had said in the case of *State v. Smalls*, 98 S. C., 299; 82 S. E., 421:

"Article 5, Section 26, of the Constitution of 1895 is: 'Judges shall not charge juries in respect to matters of fact, but shall declare the law.' The intention of this section was clearly to leave to the jury all questions of fact, and to prevent the Judges from forcing upon juries their own convictions as regards matters of fact. The force and effect of any evidence is for the jury; it is for them to determine what credence they will give to it and what weight it will have with them. The juries are the judges of all

matters of fact, and cannot look to the Court for a controlling view; they are to form their own conclusions from the facts submitted to them, and the Court cannot employ its influence over the minds of the juries to force upon them its conclusions in any case. The Court is not at liberty to give its conclusions in any particular portions of the testimony. The real object of this clause in the Constitution is to leave the decision of all questions of fact to the jury exclusively, uninfluenced by any expression of opinion by the Judge. The Judge's position would naturally add great weight to any opinion he might express upon any question of fact arising in a case, and for this reason he should carefully refrain from and avoid expressing any opinion that he may have formed from the facts as to the force, weight, and effect, leaving it to the jury to draw their own conclusions, and not impress upon them any impressions that the testimony may have made in the mind of the Judge. The juries are to determine all questions of fact, uninfluenced by the Judge and unbiased by his impressions."

No motion was made for a directed verdict, and the motion for new trial was noted, but not argued, before Special Judge Hon. M. L. Smith. No appeal was taken in the time allowed, but attorneys were changed, and by consent of the Solicitor time was allowed to perfect the appeal. We have examined the evidence carefully, and we think there should be a new trial, notwithstanding that no effort was made under rules of Court in asking for a directed verdict and arguing the motion for a new trial.

If the original attorney of the appellant was representing him, we would dismiss the appeal for noncompliance with the rules of Court; but, in order that substantial justice may be done in the instant case, under the peculiar facts and circumstances, and not to be understood as a precedent in the future, we will remand the case for a new trial.

New trial granted.

MR. JUSTICE COTHRAN concurs.

MR. JUSTICE MARION concurs in result.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE FRASER (dissenting): John Lollis, Walter Mahaffey, C. F. Whitmire, and Zera Durham were indicted for robbery, grand larceny, and assault and battery with intent to kill. Only John Lollis and Walter Mahaffey were tried. There is evidence tending to show that these four people were riding together in an automobile, and had spent the evening together. They had several "blowouts." These were repaired by John Lollis and Walter Mahaffey. When they came near the house of L. W. Lollis, a kinsman of John Lollis, about half past ten at night, they had another blowout. Whitmire and the woman called "the Durham woman" were sent up to the house of L. W. Lollis for help. L. W. Lollis started down to the stranded car, but before he got there he was assaulted and robbed by two men. L. W. Lollis and his son, Floyd Lollis, testified that the men were John Lollis and C. S. Whitmire. "The Durham woman" testified that Whitmire went with her to call L. W. Lollis and went back with her to the car; that John Lollis and Walter Mahaffey went back to meet L. W. Lollis, while she and Whitmire sat in the car; that, when they heard L. W. Lollis' cry for help, she and Whitmire rode off with the car and went to the house of a Mr. Bennett, where she was staying. Mr. Bennett owned the car.

The question in this appeal is the insufficiency of testimony to convict Walter Mahaffey. The question in this case is one of no evidence, which, of course, is a question of law. The jury convicted John Lollis and Walter Mahaffey of grand larceny and simple assault and battery. Walter Mahaffey appealed. The State's witnesses, L. W. Lollis, the prosecuting witness, and his son, Floyd Lollis,

said that the two who made the assault were John Lollis and C. S. Whitmire. While a party to any proceeding in our Courts may not contradict (that is a term of art) its own witness, it may show the fact to be otherwise. The State had the right to show that as a matter of fact the man who was with John Lollis was Walter Mahaffey, and not C. S. Whitmire. If the four had been on trial, the State might have asked for the conviction of the four. When anything was to be done, the alignment was John Lollis and Walter Mahaffey in fixing the car when it needed fixing. When L. W. Lollis was to be brought down to the car, Whitmire and the Durham woman were sent off to get him, and John Lollis and Walter Mahaffey stayed with the car. After the robbery it is not denied, even by the appellant, that Whitmire and the Durham woman went off with the car, and Walter Mahaffey and John Lollis walked off together. Walter Mahaffey was at the car when L. W. Lollis was sent for. L. W. Lollis was attacked before he reached the car, and made outcry that brought his son to him to his assistance. Walter Mahaffey did not go off with the car, but with the man who unquestionably made the actual assault. If it was necessary to be so exact, then who was the man with him? That was a question for the jury, and the evidence in my judgment was sufficient.