UNITED STATES of America, Appellee,

v.

John Henry BECKER, III, Appellant.

UNITED STATES of America, Appellee,

v.

John Francis POWERS, Appellant.

Nos. 15339, 15340.

United States Court of Appeals, Fourth Circuit.

June 28, 1971.

Sylvester G. Sheppard, Petersburg, Va., court-appointed, for appellant John Henry Becker, III.

Kenneth R. Klaffky, court-appointed, Hopewell, Va., for appellant John Francis Powers.

Brian P. Gettings, U. S. Atty., E. D. Va., and Rodney Sager, Asst. U. S. Atty., for appellee.

Before HAYNSWORTH, Chief Judge, and BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM:

John Henry Becker, III, and John Francis Powers were convicted for attempted escape from the custody of the Attorney General of the United States in violation of 18 U.S.C. § 751(a) * and sentenced to two years' imprisonment. On consideration of the briefs and record, we grant the government's motion to affirm without oral argument.

■ The principal question raised on this appeal is whether Becker should have been sentenced under § 751(b), for which the maximum term of imprisonment is one year. This section, with exceptions not pertinent to this case, applies to a person, under the age of seventeen at the time he committed an offense, as to whom the Attorney General has not specifically directed the institution of criminal proceedings, or to a person under eighteen at the time he committed the offense, who is confined as a juvenile delinquent under 18 U.S.C. § 5034.

When Becker attempted to escape he was serving a sentence at the Federal Reformatory at Petersburg, Virginia, under the Youth Corrections Act, 18 U.S.C. § 5010(b). The record does not reflect that at the time of the original trial the Attorney General directed the institution of criminal proceedings against Becker as an adult, as the Attorney General in his discretion could have done under 18 U.S.C. § 5032. Therefore, since Becker was but seventeen years of age, he had the option to be treated as a juvenile delinquent, but he did not consent to such a procedure. 18 U.S.C. § 5033. Consequently, he was not committed under 18 U.S.C. § 5034. Since Becker was not within the class of persons encompassed by § 751(b), he was properly sentenced under § 751(a), the general escape statute. For the same reasons, Becker's motion to quash the indictment was properly overruled.

■ Both Becker and Powers complain that the district court denied their motion to subpoena a number of witnesses. After a hearing at which the defendants proffered the testimony of the proposed witnesses, the district judge concluded that their evidence would be irrelevant. We find no abuse of discretion in his refusal to have the witnesses summoned. United States v. Pegram, 423 F.2d 904, 908 (6th Cir.), cert. denied, 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267 (1970).

Powers' contention that there was a fatal variance between the indictment and the proof is without merit.

The judgments are affirmed.

---

* Title 18 U.S.C. § 751 provides in part:

"(a) Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General * * * shall, if the custody or confinement is by virtue of * * * conviction of any offense, be * * * imprisoned not more than five years. * *

"(b) Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by, direction of the Attorney General * * * shall, if the custody, or confinement is by virtue of a lawful arrest for a violation of any law of the United States not punishable by death or life imprisonment and committed before such person's eighteenth birthday, and as to whom the Attorney General has not specifically directed the institution of criminal proceedings, or by virtue of a commitment as a juvenile delinquent under section 5034 of this title, be * * * imprisoned not more than one year * *."