Woodrow B. TAYLOR, Appellant,

v.

Caspar WEINBERGER, Secretary of Health, Education and Welfare, Appellee.

No. 74–1486.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 4, 1974.

Decided Oct. 28, 1975.

Michael H. Lilly, Bluefield, W. Va., for appellant.

Ray L. Hampton, II, Asst. U. S. Atty. (John A. Field, III, U. S. Atty., on brief), for appellee.

Before WINTER, CRAVEN and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

Woodrow B. Taylor was declared to be ineligible for Social Security disability benefits on the basis of a determination by the Secretary of Health, Education and Welfare that he did not have the requisite 20 quarters of covered employment during the ten-year period preceding his disability. 42 U.S.C. § 423(c)(1)(B). This determination was affirmed by the district court.

The question before us is whether or not the Appeals Council abused its discretion in refusing to subpoena a witness requested by the plaintiff after it had reopened the proceeding to take additional evidence. We hold that it did.

Taylor filed an application for disability benefits on February 10, 1969, stating that he became unable to work due to disability on August 6, 1968. He was informed by letter dated March 17, 1969 that his application was denied because he did not have the requisite number of quarters of covered employment.

By letter dated April 18, 1969, he requested reconsideration of his claim and stated that he had been an employed wage-earner of Fitzgerald and Fitzgerald, Realtors, from May 1959 to June 1963. Taylor at that time also submitted statements from his brother, sister, and niece that he had worked for Fitzgerald and Fitzgerald.

In a statement dated June 11, 1969, claimant again asserted that he had worked as an employee for Fitzgerald Properties (Fitzgerald and Fitzgerald) during the period 1959 to 1963; however, in reports filed by an employee of the Secretary on May 27, 1969 and August 18, 1969, the Social Security Administration was advised that Peter J. Fitzgerald of Fitzgerald Properties had stated (and included written statements) that Taylor had not been an employee during the period in question, but rather had been an independent contractor.

The Social Security Administration again informed claimant, on September 11, 1969, that he was not entitled to disability insurance benefits. Taylor was advised that due to Fitzgerald's statements the determination was made that he was self-employed from 1959 to 1963 and that, therefore, the records of the Social Security Administration must be assumed to be correct.

42 U.S.C. § 405(c)(2)(A) provides that on the basis of information obtained by or submitted to the Secretary, and such verification thereof as he deems necessary, the Secretary shall establish and maintain records of the amount of wages paid to each individual and of the periods in which the wages were paid.

42 U.S.C. § 405(c)(4)(B) provides that after the expiration of the time limitation (set in 42 U.S.C. § 405(c)(1)(B) as three years, three months, and fifteen days) following any year, the absence from the earnings record maintained by the Secretary of an entry of wages con-

stitutes presumptive evidence that no wages were paid during the period involved. 42 U.S.C. § 405(c)(4)(C) further provides that the absence of an entry of self-employment income is conclusive evidence that no self-employment income was derived, absent a timely filing of a tax return for such self-employment income.

Taylor filed no income tax return for the period in question. Therefore, a determination that Taylor was self-employed would render the records of the Secretary conclusive.

Taylor next requested a hearing before a hearing examiner. His request was granted and a hearing was held on November 6, 1969, at which he was present and testified. He was not represented by an attorney at this stage of the proceeding. He testified that he had been a steadily employed wage-earner employed by Fitzgerald Properties during the period in issue. Were this testimony accepted, the inference might be made that he earned enough during each quarter of the period to qualify as covered employment for the quarter and thus have the requisite number of quarters of coverage.

The hearing examiner, however, chose not to credit the testimony of Taylor and those who testified in his behalf. The content of the statements of Fitzgerald (who did not testify) was summarized in the decision of the hearing examiner, who concluded that the evidence did not support the allowance of credit for the alleged additional quarters of covered employment.

Taylor then retained counsel to represent him, and a request was made to the Appeals Council for review of the decision of the hearing examiner. In the request for review, Taylor asked the Appeals Council to subpoena Peter J. Fitzgerald and other owners of Fitzgerald Properties. In a letter of October 27, 1971, Taylor was informed by the Appeals Council that his request for review was granted, "to obtain additional evidence in your case. . . ." Pursuant to the desire of the Council to obtain additional evidence, an employee of the Social Security Administration contacted Peter J. Fitzgerald on November 9, 1971, and a more extensive statement was made by Fitzgerald as to the relationship of Taylor with Fitzgerald Properties. Taylor was written and given an opportunity to comment on this statement, but Fitzgerald was not subpoenaed and was not available for cross-examination by Taylor.

Based on the evidence it had, the Appeals Council held that the evidence did not establish an employment relationship between Taylor and Fitzgerald Properties during the period in issue. The Council further stated that, even assuming, arguendo, that Taylor were an employee during that period, there was not sufficient proof of wages earned during the quarters.

As noted, however, we feel that if Taylor's testimony were credited over that of Fitzgerald, the earning of the requisite $50 per quarter might properly be inferred from his assertion of steady employment at a rate of $2.50 an hour.

The statements of Fitzgerald were crucial to the determination of the employment status of Taylor and also as to the amount of money received by Taylor during this period. Fitzgerald flatly denied that Taylor was his employee from 1959 to 1963 and insisted that work performed for Fitzgerald by Taylor was done as an independent contractor and on a spasmodic basis for short periods of time. As we have indicated, the statements of Fitzgerald, which were credited, were in direct conflict with the live testimony of Taylor as well as Taylor's various statements.

Our decision turns on the construction of two regulations of the Secretary and the fact that the Council deemed Fitzgerald's statements of sufficient importance to warrant a reopening of the record at the Appeals Council level.

20 CFR § 404.943 provides in part: "Evidence in addition to that admitted into the hearing record by the Administrative Law Judge may not be re-

ceived as evidence except where it appears to the Appeals Council that such additional evidence may affect its decision. If no additional material is presented but such evidence is available and may affect its decision, the Appeals Council shall receive such evidence . . . ."

20 CFR § 404.926. provides in part: "When reasonably necessary for the full presentation of a case, an Administrative Law Judge or a member of the Appeals Council, may, either upon his own motion or upon the request of a party, issue subpoenas for the attendance and testimony of witnesses . . . ."

So, according to its own regulations, the Appeals Council had to find, in order to admit evidence in addition to that taken at the hearing, that "additional evidence" might "affect its decision." And the only additional evidence of any significance the Appeals Council received, other than the statements offered by the claimant, was the additional statement of Fitzgerald. It, therefore, was significant enough to possibly affect the decision. Moreover, the record shows that it provided not inconsiderable evidence against Taylor's contentions.

This being so, we fail to see why Taylor's request for a subpoena of Fitzgerald should properly have been refused. If the additional testimony of Fitzgerald admittedly might have affected its decision, a request by Taylor to cross-examine the principal witness against him seems only reasonable. We also note that Fitzgerald had a possible interest in the outcome of the proceeding, having paid no social security tax on Taylor's income for this period.

■ We do not express any opinion on the weight of the evidence or the credibility of witnesses, that is for the Secretary. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). We recognize the rule that the failure to subpoena a witness may be reversed only for abuse of discretion. See *United States v. Becker*, 444 F.2d 510, 511 (4th Cir. 1971). Also, the burden of proof is on the claimant to establish his claim, *Carqueville v. Fleming*, 263 F.2d 875 (7th Cir. 1959); and the decision of the Secretary should be affirmed if supported by substantial evidence, *Willis v. Gardner*, 377 F.2d 533 (4th Cir. 1967).

■ We mention the established rules to emphasize that nothing we decide here does violence to them. But we do think that, when the Appeals Council has decided that the additional evidence of a witness may affect its decision, and the witness is available, and timely request for subpoena is made, and the Appeals Council chooses to rely upon the out of court statement of the witness, especially when the witness may be interested in the outcome of the proceeding, a "full presentation" of the case requires that the subpoena issue for cross-examination of the witness. To hold otherwise would allow the claimant to be placed in the impossible position of being unable to cross-examine a witness although faced with an adverse statement from the very witness whose appearance had been sought. Withholding a subpoena in these circumstances seems to us to deprive the claimant of the opportunity to fully and fairly present his case, and we are of opinion it is an abuse of discretion.

The case is accordingly remanded to the district court with directions to remand the case to the Secretary for action not inconsistent with this opinion.

*Remanded.*