**Mary L. CULLISON, Appellant,**

v.

**Joseph A. CALIFANO, Jr., Secretary, Department of Health, Education, and Welfare, Appellee.**

**No. 79–1087.**

United States Court of Appeals, Fourth Circuit.

Argued Aug. 24, 1979.

Decided Jan. 11, 1980.

---

Judith F. Fournelle, Baltimore, Md. (Nancy Ebb, Dennis M. Sweeney, Administrative Law Center, Legal Aid Bureau, Inc., Baltimore, Md., on brief), for appellant.

Alan M. Grochal, Dept. of Health, Education & Welfare, Baltimore, Md. (Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., and Russell T. Baker, Jr., U. S. Atty., Baltimore, Md., on brief), for appellee.

Before BUTZNER, HALL and PHILLIPS, Circuit Judges.

K. K. HALL, Circuit Judge:

Mary L. Cullison appeals denial of her claim for Social Security widow's benefits under 42 U.S.C. § 402(e). She retained counsel after the Secretary's final decision and, on judicial review in the district court, her counsel moved to remand to the Secretary for reconsideration on the basis of a proffer of medical reports, showing a long history of treatment for emotional disability—which claimant had not presented to the Secretary apparently because she disclaims having any emotional problems. The district court refused counsel's motion finding the new evidence was cumulative, and granted the Secretary's motion for summary judgment.

We think the Secretary's decision "might reasonably have been different had [the proffered] evidence been before him when his decision was rendered," *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). Accordingly, we reverse and remand to the Secretary for reconsideration of the record as supplemented before the district court.

In *King v. Califano, supra*, counsel was retained after the Secretary's final decision to deny benefits. Counsel found that claimant's measured I.Q. was 64 and she suffered from acute alcoholism and drug addiction. Before the Secretary, she had never claimed a mental or emotional impairment as the basis of her disability. We held that counsel's motion for remand should have been granted because the record before him had not revealed her mental and emotional impairments. The facts of this case focus upon the sense of this rule.

Claimant prosecuted her claim before the Secretary without counsel. She claimed a physical disability for problems with her ears, lungs, foot, neck, head, eyes and digestive tract. She was initially denied benefits on her record submission and she submitted a form request for a hearing. When notified that a hearing had been scheduled, she returned a printed reply form with a box checked to indicate she waived her right to appear at the hearing. She wrote beside the box, "I will try to be present if I am not to [sic] ill." No hearing was held.

From the medical reports submitted by claimant to support her physical problems, the ALJ found claimant suffered from otitis, diverticulosis and arthritis. Also, he found she had had some treatment for depressive neurosis. The claim was denied because her physical and emotional conditions were not found to meet the standards of severity required by the applicable Listings of Impairments in 20 C.F.R. Subpart P, Appendix 1.

The Appeals Council granted her request for review and, by letter, offered to conduct a hearing on her claim. By return letter, she expressly declined to appear and, at length, discussed her numerous physical problems. In regard to reports showing treatment for emotional problems, she made but one emphatic statement: her physical problems were not psychosomatic.

The Appeals Council sent her medical records to two consulting physicians, one of whom is a psychiatrist.

The psychiatrist, Dr. Cairo, noted from medical reports that several physicians who had examined claimant after she filed her disability claim had made findings about her emotional state. He noted they found her to be preoccupied with obtaining disability benefits and considered her to be motivated to seek medication rather than continuing treatment. She "tended to abuse medication." She failed to keep therapy appointments. And, as one psychiatrist who had attempted to treat claimant put it bluntly, she could best be "treated" by gainful employment rather than disability payments.

Dr. Cairo also noted one recent hospitalization in 1975 in the psychiatric unit of a local hospital, where she had sought treatment for numerous physical ailments, but was diagnosed by a psychiatrist for depressive neurosis and episodic excessive drinking. The consulting psychiatrist noted the hospital report contained insufficient evidence to support this diagnosis favorable to claimant's claim.

In his conclusion, Dr. Cairo twice noted a lack of evidence of emotional impairment and opined from the medical papers available, that:

> We are asked to evaluate residual capacity (what a person can or cannot do), as opposed to motivation (what a person will or will not do). I do not find evidence of illness meeting or equalling the listings on a continuum for a 12 month period beginning on or before March 31, 1976.[1]

Tr. 89.

The Appeals Council issued an opinion construing her claim as one for both physical and emotional impairments. It found she suffered from a hiatal hernia, diverticulosis with pelvic adhesions, serious ear infections, a respiratory problem and low back pain. Discredited were her complaints of foot, neck and head problems, blurred vision, heartburn and other general aches and pains, as being unsubstantiated by clinical findings. In all, none of her physical and emotional impairments of total disability were found to be so severe as to meet the applicable standards of total disability in the Listings of Impairments. Accordingly, benefits were denied.

The period for judicial review of the Secretary's final decision passed before claimant retained counsel. Once retained, her counsel secured a special allowance of the Secretary to bring a belated action in the district court. There, counsel moved for remand to the Secretary for consideration of additional medical reports showing a long history of treatment of a serious emotional impairment and personality disorder, beginning in 1952.

---

1. Dr. Cairo prefaced his conclusion by stating, "the psychiatric problems are more a reflection of the claimant's passive-dependent personality structure manifested by self-assessed invalidism, which is utilized to obtain dependency needs gratification, secondary gain, and ward off unwanted demands. There is no evidence of a bonafide [sic] neurosis, psychosis, or organic brain syndrome. Additionally, the claimant's lack of cooperation in keeping scheduled psychiatric appointments highlights the contention that these contacts are made not to relieve illness, but to support the posture of self-assessed invalidism which is then utilized for secondary gain."

In argument on appeal, counsel for the Secretary contends that evidence of emotional disability was considered *sua sponte* by the Secretary, the new evidence is merely cumulative, the claimant has refused medical treatment, one doctor has noted that she would be best treated by gainful employment and the claimant herself disclaims any emotional disability. Therefore, remand is unnecessary.

We think such arguments are unavailing where an impairment—here, found by the Secretary to exist—can by its disabling nature inhibit substantiation of a valid claim. Claimant needed representation of counsel before the Secretary. The new evidence which counsel developed and proffered to the district court is highly probative of the severity of her emotional impairment and would have been available to the Secretary but for claimant's attempt at self-representation.

The difference in the evidence presented by claimant and that discovered by counsel is striking. Presented to the Secretary were the reports of two psychiatrists who examined claimant *after* she had filed for benefits. One of these psychiatrists diagnosed a significant emotional problem and hospitalized her; the other recommended employment as a "treatment." The consulting psychiatrist credited the second diagnosis and noted that the first was not supported by sufficient evidence.

Counsel's evidence provides that support. It shows a 25-year history of emotional problems and medical treatment by therapy, medication, and periods of hospitalization in 1952, 1965, 1975 and 1977. Ten new medical reports are included. Most revealing are those made by physicians who treated her physical complaints on a regular basis since 1969 and have rendered opinions, at counsel's request, about the extent of her emotional problems. These reports read directly on the requisite elements of total disability set forth in the Secretary's Listing of Impairments which controls widow claims. 20 C.F.R. Subpart P, App. 1, § 12.04 (Functional Nonpsychotic Disorders).

Whether this newly-discovered evidence will substantiate a claim upon reconsideration, we cannot say. This is always a decision for the Secretary in the first instance. *Huckabee v. Richardson*, 468 F.2d 1380, 1381 (4th Cir. 1972). But when evidence is submitted on judicial review which indicates that the Secretary's "decision might reasonably have been different," had he reviewed it as well, we should remand for reconsideration. *King v. Califano*, 599 F.2d at 599.

We decline to create a rule to require the Secretary to give special notice to claimants that they should retain counsel, anytime his review of the evidence shows some degree of mental or emotional disability. *Cf. Sellars v. HEW*, 458 F.2d 984, 985–86 (8th Cir. 1972) *citing* 20 C.F.R. § 404.927; *Taylor v. Weinberger*, 528 F.2d 1153, 1156 (4th Cir. 1975). However, we think that, consistent with the purpose of the truth-finding claims procedure created by Congress for the compensation of bona fide disabilities, the Secretary's rules and the conduct of various adjudicatory proceedings—before the Secretary and on judicial review—must take special account of any impairment which can effectively disable a claimant from substantiating her claim—whether it arises by claimant's inability to submit to a medical treatment, her testimonial declarations or her failing attempts at self-representation. *Cf. Adams v. Weinberger*, 548 F.2d 239 (8th Cir. 1977); *Webb v. Finch*, 431 F.2d 1179 (6th Cir. 1970); *Heinitz v. Califano*, 428 F.Supp. 940, 949–50 (W.D.Mo.1977); *Roman v. HEW*, 355 F.Supp. 646, 649–50 (D.P.R.1972); *Alamo v. Richardson*, 355 F.Supp. 314, 317 (D.P.R.1972).

Accordingly, the judgment of the district court is reversed and this action is remanded to the Secretary for reconsideration.

*REVERSED AND REMANDED.*