**William REAMS, Plaintiff,**

v.

**Patricia Roberts HARRIS, Secretary of Health and Human Services, Defendant.**

**No. 80–304–CIV–5.**

United States District Court,
E. D. North Carolina,
Raleigh Division.

Oct. 6, 1980.

Charles T. Hall, Raleigh, N. C., for plaintiff.

George M. Anderson, U. S. Atty., Raleigh, N. C., for defendant.

## ORDER

DUPREE, Chief Judge.

This action is before the court for review of a final decision of the Secretary of the Department of Health, Education and Welfare, denying plaintiff disability benefits under Title II of the Social Security Act. Plaintiff applied for disability benefits on January 10, 1979, and his application was denied by the Social Security Administration. A hearing was held at plaintiff's request on December 18, 1979, and the Administrative Law Judge (A.L.J.) in the hearing found that the plaintiff was not under a disability. The A.L.J.'s decision was approved by the Appeals Council on March 14, 1980, thereby becoming the final decision of the Secretary. Both parties have now moved for summary judgment, and in addition plaintiff has moved for a remand to permit him to introduce new evidence.

Plaintiff is a 57–year old man who worked for the North Carolina State Highway Department for 35 years driving a truck and working as a gang foreman. He cannot read or write. In his application for disability benefits, he claims numerous physical and mental troubles. He has a history of gall bladder trouble, high blood pressure, diabetes, and Rocky Mountain spotted fever. He also complains of dizzy spells, bowel trouble, arthritis, heart trouble, and shortness of breath. Finally, he claims that he is chronically anxious and depressed. The A.L.J. found that the claimant's medical condition does not significantly limit his ability to perform basic work–related functions, that therefore his medical condition is not "severe", and that claimant may not be considered "disabled" within the meaning of the Social Security Act.

Plaintiff seeks a remand for further proceedings based on his submission of new evidence to this court. Plaintiff complained of shortness of breath to his doctors prior to his hearing, to at least one doctor to whom he was referred by the Social Security Administration, and to the A.L.J. at the hearing. None of the physicians who examined the plaintiff conducted a spirometry test, a test for disability as a result of airway obstruction. Plaintiff now seeks to have results of a spirometry test considered in his case. Under the Social Security Administration's Regulation No. 4, 20 C.F.R. § 404.-1503(d) and Appendix 1, specific test values for a spirometry have been published for conclusive determination of disability. Plaintiff's test results do not conclusively establish disability under these published standards; however, his test results appear quite close to the level at which disability is conclusively established. Defendant contends that because the test results do not conclusively establish disability, the test results should not be considered on remand because they would not affect the Secretary's decision that the plaintiff is not disabled.

■ Plaintiff correctly contends that it is appropriate to remand for further proceedings "when new evidence is submitted to a reviewing court if the court concludes that the Secretary's decision might reasonably have been different had that evidence been before him when his decision was rendered." King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979). In King and the subsequent case, Cullison v. Califano, 613 F.2d 55 (4th Cir. 1980), remands were ordered to permit the plaintiffs to submit new evidence where the evidence "might reasonably" affect the Secretary's decision. In each of those cases, the plaintiffs had not been represented by counsel at their administrative hearings but were represented by counsel on appeal to the District Court. Such is the case here.

The A.L.J. did not discuss the evidence regarding plaintiff's shortness of breath in any detail nor did he make any finding specifically concerning shortness of breath.

■ While the spirometry results do not compel a finding of disability standing alone, they do indicate serious impairment of pulmonary function. In light of plaintiff's extensive other impairments and gen-

erally poor physical condition, the spirometry results might reasonably have affected the Secretary's decision. Therefore, under *King*, remand in this case is appropriate.

Plaintiff also contends that the A.L.J.'s finding that the plaintiff does not have significant psychiatric impairment was not based on substantial evidence. In reaching that finding, the A.L.J. relied on the Social Security Administration's impairment standard, set forth in Appendix 1 of subpart P of Regulation No. 4, which states that a mental impairment shall be considered a disability when, among other things, it results in "persistence of marked restriction of daily activities and constriction of interests and deterioration in personal habits and seriously impaired ability to relate to other people." Finding that plaintiff's complaint of chronic anxiety and depression did not meet this standard, the A.L.J. held that his mental condition does not constitute significant psychiatric impairment.

■ The Fourth Circuit in *Lewis v. Weinberger*, 541 F.2d 417 (4th Cir. 1976), held that a disability claimant established a prima facie case of disability due to mental impairment when she showed (1) that her own doctor considered her mentally disabled, (2) that her medical history and subjective testimony were consistent with her physician's conclusion, and (3) that the diagnosis of a psychiatrist she consulted was also consistent with a finding of mental disability. The Fourth Circuit stated that "this showing was deemed sufficient to require the Secretary to go forward and produce substantial evidence that the claimant had sufficient residual capacity that she could perform a job in the national economy." 541 F.2d at 420, *citing Wyatt v. Weinberger*, 519 F.2d 1285 (4th Cir. 1975). The record in the present case indicates that plaintiff's family doctor diagnosed him as totally disabled as a result of a combination of physical and mental impairments. Plaintiff's subjective testimony and the diagnosis of a consulting psychiatrist were consistent with this finding, and a physician who examined the claimant for the Social Security Administration did not contradict the find-

ings or opinions of claimant's family doctor or consulting psychiatrist. Under a broad reading of *Lewis*, plaintiff has established a prima facie case of disability, requiring defendant to come forward with substantial evidence in rebuttal.

Defendant's rebuttal evidence cannot be called "substantial". Neither of the physicians who examined the claimant for the Social Security Administration made explicit or implicit findings as to mental disability or as to claimant's ability to work. In discussing claimant's alleged mental disability, the A.L.J. merely stated: "A review of the record in this case reveals that the claimant's mental condition has not resulted in any significant restriction of activities, constriction of interest, inability to relate to others, or deterioration of personal habits." The record is consistent, however, in a portrayal of the claimant as significantly restricted in his activities as a result of his combined physical and mental condition. Because the claimant has met the burden of a prima facie case and defendant has not responded with substantial evidence, remand is appropriate on this ground.

Finally, plaintiff argues that he is entitled to a finding of disability under 20 C.F.R. § 404.1512. This regulation states that an individual with a marginal education and long work experience limited to the performance of "arduous unskilled physical labor" may be found to be disabled when he or she is no longer able to perform such labor because of a significant impairment and, given his or her age, education and work experience is, "unable to engage in lighter work." Plaintiff has only a first grade education and worked for 35 years for the North Carolina Department of Transportation as a truck driver and gang foreman. He contends that this was arduous work, that he is no longer able to perform such work, and that because of his age, education and work experience he is unable to engage in any lighter work such as office work. The record does not contain any evidence which would support a finding that plaintiff is capable of performing lighter work. The A.L.J. found only that

plaintiff's medical condition is not "severe" and does not significantly limit his ability to perform "basic work–related functions." Plaintiff argues that the absence of a finding that he could either resume his arduous work or undertake lighter work requires reversal of this case. Defendant argues that no such finding need be made unless plaintiff's medical condition is found to be severe. Because defendant's finding that plaintiff's medical condition is not severe may be affected by further proceedings subsequent to this remand, the court does not reach this issue.

Accordingly, this case is remanded for proceedings consistent with this order.

So ordered.