Joseph F. CARTER, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

No. 81–122–CIV–7.

United States District Court, E.D. North Carolina, Wilmington Division.

Dec. 30, 1982.

James J. Wall, Legal Services of the Lower Cape Fear, Wilmington, N.C., for plaintiff.

Dennis I. Moore, Asst. U.S. Atty., E.D. N.C., Raleigh, N.C., for defendant.

## ORDER

BRITT, District Judge.

This case is before the Court on the parties' cross-motions for summary judgment, pursuant to rule 56 of the Federal Rules of Civil Procedure. Plaintiff initiated this action pursuant to section 205(g) of the Social Security Act [the Act], 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Secretary of Health and Human Services denying his claim for disability insurance benefits and supplemental security income under Title II of the Act.

Plaintiff filed an application for a period of disability and for disability insurance benefits on 27 August 1980 and for supplemental security income on 2 September 1980. His application was denied initially and upon reconsideration by the Social Security Administration. Pursuant to plaintiff's request, the hearing was conducted before an administrative law judge [ALJ], at which plaintiff and a paralegal representing him were present. The ALJ con-

sidered plaintiff's claim *de novo* and, on 8 June 1981, issued his decision concluding that plaintiff did not have a severe impairment and, therefore, could not be considered disabled as defined by the Act. This decision became the final decision of the Secretary upon approval by the Appeals Council on 29 September 1981. Plaintiff initiated this action by complaint filed 1 December 1981.

Plaintiff is a 33-year old man who completed the tenth grade. He has worked in the past as a chicken packer, a money collector for the Salvation Army, a trash truck driver, and a painter. He complains of a nervous condition which causes migraine headaches and stomach, back, and allergy problems. The ALJ found that the plaintiff's medical condition did not significantly limit his physical or mental ability to perform basic work-related activities, that his medical condition was not "severe," and that plaintiff could not be considered "disabled" within the meaning of the Act. Plaintiff states that there is no substantial evidence in the record to support the conclusion of the Secretary that the plaintiff was not disabled and not entitled to disability benefits. Specifically, plaintiff alleges that the Secretary failed to rebut the plaintiff's prima facie case of disability due to mental impairment.

> The crux of the ALJ's analysis reads: The clinical and diagnostic evidence of record has been essentially within normal limits. He takes no strong pain medications. There is strong evidence in the record of hypochondriasis, excessive seeking of medical attention and drugs, and a preoccupation with securing disability benefits. The claimant's credibility therefore does not appear to be great.

(Tr. 19).

In reaching this conclusion, the ALJ failed to apply the analytic method prescribed in prior case law by the Court of Appeals for the Fourth Circuit. In *Lewis v. Weinberger*, 541 F.2d 417 (4th Cir.1976), the plaintiff suffered from hypochondriasis, and the ALJ concluded that the plaintiff's

mental impairment was not of such severity that he could not engage in any substantial gainful work. 541 F.2d at 419–20. The Fourth Circuit, however, set out a three-prong analysis in establishing a prima facie case of disability due to mental impairment.[1] The Fourth Circuit stated:

> In *Wyatt v. Weinberger*, 519 F.2d 1285 (4th Cir.1975), we held that a claimant had made out a prima facie case of disability due to mental impairment when she showed (1) that her own doctor considered her 'disabled from a standpoint of nerves,' (2) that her past medical history and the subjective testimony of herself and her husband were consistent with her physician's conclusion and (3) that the diagnosis of a psychiatrist she consulted was also consistent with a finding of psychological disability. This showing was deemed sufficient to require the Secretary to go forward and produce substantial evidence that the claimant had sufficient residual capacity that she could perform a job in the national economy.

541 F.2d at 420; *see also Reams v. Harris*, 498 F.Supp. 802, 804 (E.D.N.C.1980).

■ After reviewing the record, the Court finds that plaintiff has made out a prima facie case of disability due to mental impairment. First, Dr. Rolf Fisscher, who has treated the plaintiff since 1976, answered yes to a social security questionnaire that asked: "Because of our client's severe psychiatric or psychological disorder, would you consider him/her disabled and unable to perform gainful work on a regular sustained basis?" (Tr. 170). Dr. Fisscher is a psychiatrist. Second, plaintiff stated at the hearing that: "My worst problem is my nerves." (Tr. 45). Plaintiff also stated that it was a lifelong problem and that pressure brought on physical shaking that occurred three to four times a month. Plaintiff testified that his nervous condition caused depression, stomach problems, and migraine headaches. (Tr. 50). He also complained of a back problem which caused pain two to three times a week. Therefore,

1. *See also* 20 C.F.R. § 404, App. 1, § 12.04.

plaintiff's subjective testimony appears consistent with the conclusion of his physician. Third, as noted above, Dr. Fisscher, a psychiatrist, considered the plaintiff disabled. Dr. Fisscher diagnosed the plaintiff as suffering from psychoneurosis with depression and hypochondriasis. (Tr. 164). Dr. Fisscher also noted that "Mr. Carter's apparent passive aggressive-trait disturbance, along with the 'nervousness,' make it difficult for him to get along with people. His preoccupation with aches and pains and endless talking about how people mistreat him tend to alienate those that come in contact with him." In addition, Dr. Robert Weinstein, a psychiatrist who examined plaintiff at the request of the Social Security Administration, could not make a conclusive diagnosis. Dr. Weinstein stated: "Within the diagnostic criteria this person could fit in would be from psychophysiological disorders to anxiety neurosis to undifferentiated schizophrenia. Hypochondriasis could also be considered. It is difficult to make a logical formal diagnosis on this man." (Tr. 160).

■ Under the analysis prescribed in *Lewis* and *Wyatt* by the Fourth Circuit, the effect of plaintiff establishing a prima facie case shifts the burden to the Secretary to establish that plaintiff was able to return to his customary employment or has the capacity to perform a specific job which exists in the national economy. *See* 519 F.2d at 1287. Neither has been proved.

On the present record, the denial of disability benefits to plaintiff cannot stand. At the same time, the record is not conclusive that plaintiff is so disabled that under no circumstances could he perform any job because of his mental condition. The deficiencies in the finding of the ALJ stem from a lack of evidence to overcome a prima facie case, rather than a sufficiency of evidence to require a specific result. Therefore, the Secretary should be afforded an opportunity to adduce additional proof to counter plaintiff's prima facie showing and

to show that plaintiff is not so disabled that he could not return to his former occupation or to another job available in the national economy. In further proceedings, plaintiff should be afforded the opportunity to adduce evidence to rebut any which may be produced by the Secretary, or to support his prima facie showing.

The plaintiff next alleges that the ALJ erred in failing to consider the disabling aspects of plaintiff's dependence on the drug Librium. The ALJ stated that plaintiff "takes no strong pain medications", and that there is strong evidence in the record of "excessive seeking of medical attention and drugs." (Tr. 19). The drug Librium has been the subject of prior case law. Cf. *Schmoll v. Harris,* 636 F.2d 1146 (7th Cir. 1980). There is evidence in the record that plaintiff takes Librium regularly and appears to feel he must take it to alleviate his nervous condition. (Tr. 48–49, 134–37, 162, 172). Therefore, upon remand the Secretary should also reconsider the effect, if any, of plaintiff's use of Librium—in conjunction with his mental impairment—on his ability to engage in substantial gainful activity.[2]

Therefore, the Court vacates the Secretary's denial and remands the case for further proceedings in accordance with this order.

AND IT IS SO ORDERED.

---

**2.** Plaintiff also alleges that the ALJ committed error (1) in dismissing plaintiff's credibility because he complained of hypochondriasis and (2) in dismissing plaintiff's nervous and pain complaints because he was able to perform

some housework. Because the Court has already ruled that plaintiff has established a prima facie case, the Court finds it unnecessary to rule on these two allegations.