803 F.2d 1181
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Earl T. MOULTRIE, Appellant,
v.
STATE OF SOUTH CAROLINA; The Attorney General of the State
of South Carolina, Appellees.
 No. 85-7059.
 United States Court of Appeals, Fourth Circuit.
 Argued May 5, 1986.
Decided Oct. 24, 1986.
 
 David G. Ingalls (Ingalls & White on brief), for appellant.
 Donald J. Zelenka, Chief Deputy Attorney General (T. Travis Medlock, Attorney General on brief), for appellees.
 D.S.C.
 AFFIRMED.
 Before SPROUSE and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Earl T. Moultrie appeals the denial of his petition for a writ of habeas corpus which he brought pursuant to 28 U.S.C. Sec. 2254. Moultrie was convicted of housebreaking and grand larceny at a trial in which he represented himself after refusing the services of the public defender and waiving his right to counsel. Moultrie contends that his waiver of counsel was invalid and the trial court deprived him of his right to compulsory process by refusing to summon four physicians to testify at his competency hearing and trial on the issue of his sanity. The district court found no merit in these contentions and denied the writ. We affirm the judgment of the district court.
 
 
 2
 Upon receiving Moultrie's direct appeal, the Supreme Court of South Carolina remanded the case for an evidentiary hearing on the issue of waiver of counsel. Subsequently, the Supreme Court affirmed the judgment of conviction in an opinion that sets forth the facts of the crime. See State v. Moultrie, 322 S.E.2d 663 (S.C.1984).
 
 
 3
 The record of the trial supplemented by the record of the evidentiary hearing on remand discloses that Moultrie was mentally competent to waive counsel and that the waiver was knowingly and intelligently made. See Faretta v. California, 422 U.S. 806, 835 (1975); Johnson v. Zerbst, 304 U.S. 458, 464 (1938).
 
 
 4
 Moultrie wanted the trial court to subpoena four doctors who had examined him when he was imprisoned for another crime before he was paroled and a physician who had examined him shortly after his arrest for the crime for which he was being tried. The court denied the request for the four prison doctors on the ground that their examinations of Moultrie were so remote in time that their evidence would not be relevant. The doctor who examined Moultrie shortly after his arrest testified.
 
 
 5
 We find no constitutional error in the ruling of the trial court concerning these witnesses. The Supreme Court of South Carolina affirmed the trial court's ruling that the testimony of the four prison doctors would be irrelevant. 322 S.E.2d at 664. This evidentiary ruling affirmed on appeal did not deprive Moultrie of the right to compulsory process, for he was not entitled to call witnesses whose testimony would not be relevant. See United States v. Becker, 444 F.2d 510, 511 (4th Cir.1971). In a pro se brief Moultrie has raised other issues. We find no merit in these for reasons adequately stated by the magistrate and district court.
 
 
 6
 AFRIRMED.