838 F.2d 467
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Myrtle PARKER, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 87-2616.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 4, 1988.
Decided Jan. 25, 1988.
 
 Belinda S. Morton on brief for appellant.
 Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Supervisory Assistant, Regional Counsel, Marjorie Scharpf, Assistant Regional Counsel, Department of Health & Human Services, Michael W. Carey, United States Attorney, Amy M. Lecocq, Assistant United States Attorney, on brief for appellee.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, ERVIN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The issues presented are whether the decision of the Secretary denying appellant's application for supplemental security income benefits is supported by substantial evidence and whether the Secretary considered all the relevant evidence in reaching this decision. We affirm.
 
 
 2
 Appellant Myrtle Parker filed an application for supplemental security income benefits on February 21, 1985. She alleged that, as a result of an epileptic disorder, she had been disabled since 1973. Appellant's application for benefits was denied by the Social Security Administration ("SSA") on its initial consideration of her claim. On March 26, 1985 she requested a reconsideration of this denial. After reconsidering her application the SSA found that its previous determination denying her claim was proper. On December 20, 1985 appellant requested an administrative hearing on her claim. A de novo hearing was conducted by an administrative law judge ("ALJ") on March 4, 1986. On May 7, 1986 the ALJ found that appellant retained the residual functional capacity to perform a wide range of light and sedentary jobs and therefore she was not eligible for supplemental security benefits.
 
 
 3
 Appellant requested that the Appeals Council review the ALJ's decision. This request was denied on July 31, 1986, making the ALJ's determination the final decision of the Secretary. Appellant then initiated this action. United States Magistrate Charles T. Cunningham, after reviewing the record, recommended that the Secretary's final decision be affirmed. The district court adopted the magistrate's recommendation and affirmed the Secretary's decision. This appeal followed.
 
 
 4
 Appellant was born on March 26, 1953, has a limited seventh grade education, and has never worked outside the home. When she first began having epileptic seizures they occurred only while she was sleeping. By the time of the hearing, however, appellant reported that the seizures had begun to occur primarily while she was awake. Her husband testified that the seizures last between fifteen seconds and one minute and that they occur about six times per month. The appellant, herself, has no memory of what occurs during her seizures. At the hearing, her husband testified that during the course of her seizures appellant:
 
 
 5
 [A]cts like she's drunk--she gets limber, and she goes to howling, and I go over to her and grab her. I have to lie her on the floor. And then she goes slobbering, shaking all over, her eyes roll back in her head.
 
 
 6
 (Tr. at 43). He also testified that "[s]ometimes she wets herself," (Tr. at 43), and that after a seizure she "gets headaches" and "wants to sleep." (Tr. at 46). Appellant testified that she does not do any housework, but that she takes part in cooking and shopping. (Tr. at 38).
 
 
 7
 The Secretary's finding with respect to an applicant's disability is not to be disturbed, even if the court may disagree with it, so long as it is supported by substantial evidence. Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir.1986). At the hearing, a vocational expert testified that if appellant's seizures are mild then, at a minimum, she can perform light, custodial work or similar types of unskilled work. (Tr. at 50).[1] Therefore, the critical question in this case is whether the ALJ's determination that appellant suffered mild seizures, rather than severe seizures, is supported by substantial evidence.[2]
 
 
 8
 The ALJ explained that credibility was a major factor in her consideration of the case. This is logical because the only evidence of the severity of appellant's seizures is the testimony of appellant and her husband. It is the Secretary's prerogative to assess the credibility of witnesses, Taylor v. Weinberger, 528 F.2d 1153, 1156 (4th Cir.1975), and such determinations will not be discounted except under extraordinary circumstances. In explaining her conclusion that the testimony of the appellant and her husband lacked credibility, the ALJ pointed to the relationship between these two witnesses, their joint interest in obtaining benefits, inconsistencies in appellant's testimony, and evidence that appellant was uncooperative and that she was "fixated" on obtaining benefits. Moreover, physical examinations of appellant showed no evidence of serious head injury, neurological examinations revealed that appellant was normal, there was no muscle atrophy, no evidence of serious nerve impairment, her EEG was normal, and no physician had observed one of her seizures. Thus, the ALJ found that the self-interested testimony of appellant and her husband, concerning the severity of her epilepsy and the degree to which it impaired her ability to work, was uncorroborated. The lack of evidence to support appellant's claim, other than self-interested testimony, is significant because the burden rests with the claimant to prove her disability. Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir.1986). Furthermore, as the ALJ noted, there also was substantial evidence that appellant was failing to control her seizures by neglecting to administer medication to herself. This is significant because if a symptom can be controlled, within reason, through medication or treatment then it is not disabling. Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir.1986).
 
 
 9
 In conclusion, in light of the conflicts and ambiguities in the evidence and the ALJ's reasonable findings with respect to the witnesses' credibility, we find that there is substantial evidence to support the Secretary's determination that appellant is not disabled.[3]
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 Appellant asserts that the hypothetical offered to the vocational expert did not precisely describe her condition, and therefore his testimony cannot be considered as probative evidence in support of the ALJ's conclusion. In fact, the hypothetical posed to the expert by the ALJ was entirely consistent with her findings of fact. She instructed the expert as to appellant's correct age, educational experience, and the number of seizures she suffered in a month, as well as the time of day such seizures occurred. Based on this information, the expert offered two opinions. He stated that if appellant's seizures were severe then there was no work she could do on a sustained basis. On the other hand, he stated that if her seizures were mild, then she could perform, at a minimum, light, custodial work or similar types of unskilled work. (Tr. at 50). The actual degree of severity of appellant's seizures is a factual question that the expert properly left to the ALJ to determine. Therefore, if the ALJ's finding that appellant's seizures are mild is supported by substantial evidence, then it was appropriate for her to rely on the expert's judgment that appellant is not disabled
 
 
 [2]
 Appellant asserts that the ALJ erred in her reference to appellant's "transferable skills." In fact, the ALJ correctly noted that "[b]ecause [of] the claimant's age and residual functional capacity for unskilled light and sedentary work, the presence or absence of transferable skills is not a significant vocational consideration." (Tr. at 14). See Table 2 of 20 C.F.R. Sec. 404, Subpt. P, App. 2
 
 
 [3]
 Appellant also asserts that the ALJ failed to consider her subjective testimony with respect to the pain she suffers as a result of her epilepsy. The only pain associated with her disorder that was mentioned by appellant, or any other witness, was the fact that she has a headache following her seizures. (Tr. at 33, 46). Appellant testified that she took no medication to relieve this pain. Moreover, she did not indicate how severe the pain is and there is no evidence that it is sufficiently severe to impair her ability to work