Luther G. GOAN, Plaintiff,

v.

Donna E. SHALALA, Secretary of Health and Human Services municipal corporation, Defendant.

Civ. A. No. 5:92–0250.

United States District Court,
S.D. West Virginia,
at Beckley.

Feb. 3, 1994.

Roger D. Forman, Charleston, WV, for plaintiff.

Stephen M. Horn, Asst. U.S. Atty., Charleston, WV, for defendant.

### ORDER

FABER, District Judge.

Currently pending before the court are defendant's motion for summary judgment, filed on October 13, 1992, and plaintiff's motion to remand, filed on December 22, 1992. By standing order entered on November 4, 1992, this action was referred to United States Magistrate Judge Mary S. Feinberg for submission to the court of findings and recommendation for disposition in accordance with 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Feinberg submitted to the court her Findings and Recommendation on April 23, 1993, in which she recommended that the defendant's motion for summary judgment

be denied and the plaintiff's motion to remand be granted.

On May 6, 1993, the defendant filed objections to the Magistrate Judge's Findings and Recommendation, maintaining that Magistrate Judge Feinberg committed legal error "(1) in granting to plaintiff an absolute right to subpoena and cross-examine in violation of *Souch v. Califano,* 599 F.2d 577, 580 n. 5 (4th Cir.1979) and (2) in articulating and applying a standard of review over the Secretary's decision to issue subpoenas not granted to it by the Social Security Act." In accordance with 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of those portions of the Magistrate Judge's Findings and Recommendation to which the defendant has objected.

 Essentially, the plaintiff seeks remand of this case due to the fact that he was denied the opportunity to cross-examine Dr. Johnny Dy, M.D., regarding Dr. Dy's report relating to plaintiff's medical condition. Dr. Dy's report was filed after the conclusion of a hearing before an Administrative Law Judge (ALJ), and the plaintiff's request to cross-examine Dr. Dy was denied by the ALJ. In her Findings and Recommendation, Magistrate Judge Feinberg found that "[w]here a post-hearing report is significant to the disability determination and will be considered in denying benefits, the ALJ's refusal of a claimant's request to cross-examine the consultive examiner is an abuse of discretion under the regulations and constitutes a denial of due process." Findings and Recommendation at 17. The defendant maintains that the Magistrate Judge's findings bestow upon claimants an "absolute right" to cross-examination, in contradiction to the holding in *Souch v. Califano,* 599 F.2d 577 (4th Cir. 1979). In *Souch,* the United States Court of Appeals for the Fourth Circuit held that the decision as to whether or not to grant a request for a subpoena is within the discretion of the hearing examiner. The *Souch* court further held that the United States Supreme Court's holding in *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), discussing a claimant's "right" to a subpoena, related to a claimant's right to *request* a subpoena and that there is

no absolute right to have a subpoena issued at a claimant's request. *Souch,* 599 F.2d at 580 n. 5.

Defendant argues that the Magistrate Judge's findings, in contradiction to the holding in *Souch,* grant a claimant an absolute right to have a subpoena issued as opposed to the right merely to request such subpoena. A review of the Magistrate Judge's Findings and Recommendation, however, reveals that Magistrate Judge Feinberg recommended no such absolute right to subpoena witnesses. In fact, Magistrate Judge Feinberg expressly recognized that the ALJ possessed discretion in issuing subpoenas when she found that his denial of the plaintiff's request for a subpoena constituted an "abuse of discretion." Findings and Recommendation at 17. The Magistrate Judge further held that "[a]t a minimum, under the *Souch* standard, the report should not have been used as substantial evidence upon which to base a denial of benefits." *Id.* Based upon such language within the Magistrate Judge's report, it is clear that she did not intend to confer upon all claimants an absolute right to obtain a subpoena in every case in which a consultive physician is utilized. Instead, Magistrate Judge Feinberg merely found that, in exercising his or her discretion, an ALJ must choose either to grant a claimant the right to cross-examine a consulting physician, or decline to rely upon the physician's report as substantial evidence to support a denial of benefits.

Having conducted a *de novo* review of the evidence before the court, and the holdings in *Perales* and *Souch,* the court agrees with the Magistrate Judge's assessment of the claimant's rights. The specific language within the *Souch* opinion upon which the Magistrate Judge relies plainly supports such a conclusion. Magistrate Judge Feinberg referred, in her Findings and Recommendation, to the *Souch* court's statement that:

We hold that where a claimant's request to subpoena negative readers is denied and the disputed X-rays are not made available to him for inspection and rereading, the Secretary may not use the X-rays as substantial evidence to deny the claim. *Richardson v. Perales, supra.* Such a result

surely offends standards of fundamental fair play. And, while the use of interrogatories may to some degree be a substitute for cross-examination of negative readers, we do not think them sufficient to remedy a claimant's inability to adequately prepare his case when denied both cross-examination and access to the relevant evidence.

*Souch,* 599 F.2d at 580. The defendant attempts to distinguish this language by arguing that, unlike the claimant in *Souch,* the plaintiff in this case has been given access to the actual medical report prepared by Dr. Dy. The court finds such argument unpersuasive. The mere fact that plaintiff and his counsel possessed a copy of Dr. Dy's report did not provide them the opportunity to explore effectively the underlying basis for such report and to attack or rebut the conclusions reached by Dr. Dy. Having denied the plaintiff's request to subpoena Dr. Dy, the ALJ's reliance on the report as substantial evidence to support a denial of benefits to the claimant "offends standards of fundamental fair play."

The United States Court of Appeals, in *Taylor v. Weinberger,* 528 F.2d 1153 (4th Cir.1975), addressed a similar question to the one at issue in this case. In *Taylor,* a *pro se* claimant was denied Social Security benefits because the hearing examiner found that the claimant had not obtained the necessary number of quarters as a covered employee to qualify for benefits. The claimant had asserted that he was employed by Fitzgerald Properties for a time sufficient to establish his eligibility. However, Peter J. Fitzgerald, of Fitzgerald Properties, had submitted a written statement maintaining that the claimant was an independent contractor, and not an employee of Fitzgerald Properties, during the period in question. Following a decision by the hearing examiner denying him benefits, the claimant obtained counsel and requested a review of the hearing examiner's decision. The claimant's attorney then requested that the Appeals Council subpoena Peter J. Fitzgerald to permit the claimant an opportunity to cross-examine him as to the status of claimant's employment. *Id.* at 1154–55.

The Appeals Council obtained a more extensive statement from Fitzgerald, and provided a copy of such statement to the claimant, but declined to subpoena Fitzgerald to testify. The Appeals Council affirmed the decision of the hearing examiner denying the claimant's request for benefits, and the ruling of the Appeals Council was subsequently affirmed by the United States District Court for the Southern District of West Virginia. *Id.* at 1153–54. On appeal, the United States Court of Appeals for the Fourth Circuit reversed the district court's ruling, holding:

[W]hen the Appeals Council has decided that the additional evidence of a witness may affect its decision, and the witness is available, and timely request for subpoena is made, and the Appeals Council chooses to rely upon the out of court statement of the witness, especially when the witness may be interested in the outcome of the proceeding, a "full presentation" of the case requires that the subpoena issue for cross-examination of the witness. To hold otherwise would allow the claimant to be placed in the impossible position of being unable to cross-examine a witness although faced with an adverse statement from the very witness whose appearance had been sought. Withholding a subpoena in these circumstances seems to us to deprive the claimant of the opportunity to fully and fairly present his case, and we are of the opinion it is an abuse of discretion.

*Id.* at 1156. The situation present in this case is strikingly similar to that presented in *Taylor.* Although the *Taylor* decision deals with review by an Appeals Council as opposed to an ALJ, the same principles and administrative regulations requiring issuance of subpoenas for the "full presentation" of a case apply to both proceedings before an ALJ and those held before an Appeals Council. *See* 20 C.F.R. § 404.950(d)(1). The *Taylor* decision clearly establishes that, when a timely request for the issuance of a subpoena is denied, and the ALJ or Appeals Council relies upon the information contained in a report or statement issued by the individual for which the subpoena is sought in order to deny benefits, such action constitutes an

abuse of discretion.[1] The court finds, therefore, that the ALJ in this case abused his discretion in relying upon Dr. Dy's report as substantial evidence to support his decision while denying the claimant the opportunity to cross-examine Dr. Dy.

The defendant further objected to the Magistrate Judge's exercise of jurisdiction to review the ALJ's decision. The court finds that such argument is unfounded. The defendant is correct in his assertion that factual findings reached by the ALJ are normally affirmed by the district court if they are supported by substantial evidence. *Hines v. Bowen*, 872 F.2d 56 (4th Cir.1989). However, such a factual finding is not to be upheld if it "was reached by means of an improper standard or misapplication of the law." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). In the present case, the court's analysis of whether the ALJ's decision is supported by substantial evidence necessarily includes a determination as to whether the "substantial evidence" on which it may be based was properly considered by the ALJ. The court has herein determined that the ALJ abused his discretion by relying on Dr. Dy's report without affording the plaintiff the opportunity to cross-examine Dr. Dy. Because the ALJ improperly relied upon Dr. Dy's report, and such report constitutes, in large measure, the "substantial evidence" upon which the ALJ's report is based, the court is unable to determine that the ALJ's decision is, in fact, based upon "substantial evidence."[2]

The court, having conducted a *de novo* review regarding those portions of the Magistrate Judge's Findings and Recommendation to which the defendant has objected, finds that defendant's objections are without merit. Accordingly, the court hereby ADOPTS and incorporates herein the findings set forth in Magistrate Judge Feinberg's Findings and Recommendation filed with the court on April 23, 1993. The court further ADOPTS the recommendation of the Magistrate Judge as set forth in the April 23, 1993 Findings and Recommendation and will, in a separate Judgment Order to be entered this date, DENY the defendant's motion for summary judgment and GRANT the plaintiff's motion to remand this action to the Secretary of Health and Human Services for further action consistent with this Opinion.

IT IS SO ORDERED.

---

**1.** The defendant further maintains that the claimant failed, in requesting a subpoena, to follow the mandates of 20 C.F.R. § 404.950(d)(2). Specifically, defendant states, as was also stated by the ALJ in his January 4, 1991 letter to plaintiff's counsel, that the claimant did not state the important facts he expected to prove by cross-examining Dr. Dy and why such facts could not be gained through other means. While the principles set forth in 20 C.F.R. § 404.950(d)(1) govern the issuance of subpoenas generally, the provisions of 20 C.F.R. § 404.950(d)(2) set forth the specific procedures to be followed when requesting a subpoena *prior* to a hearing before an ALJ. Because Dr. Dy's report was filed *subsequent* to the hearing in this case, the plaintiff cannot be justly required to follow the specific guidelines for requesting subpoenas set forth in 20 C.F.R. § 404.950(d)(2).

**2.** Furthermore, it is clear from the Supreme Court's consideration of questions relating to the issuance of subpoenas in Social Security cases, as discussed in *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), and the Fourth Circuit's consideration of such questions in *Souch v. Califano*, 599 F.2d 577 (4th Cir.1979) and *Taylor v. Weinberger*, 528 F.2d 1153 (4th Cir.1975), that the issue raised in this case is properly before the district court. If, in fact, district courts are prohibited from reviewing an ALJ's decision to rely upon evidence for which no cross-examination has been permitted, the Supreme Court and the United States Court of Appeals for the Fourth Circuit would presumably have addressed such jurisdictional prohibition in *Perales*, *Souch* and *Taylor*.