**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CAROLYN G. GRAY,
<u>Plaintiff-Appellant,</u>

v.

No. 98-2576

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., District Judge.
(CA-96-1042-2)

Submitted: May 28, 1999

Decided: September 13, 1999

Before MURNAGHAN, NIEMEYER, and TRAXLER,
Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Marilyn L. Allen, Greensboro, North Carolina, for Appellant. Frank
W. Hunger, Assistant Attorney General, Walter C. Holton, Jr., United
States Attorney, Mary Ann Sloan, Chief Counsel, Region IV, Dennis
Williams, Deputy Chief Counsel, Haila Kleinman, Acting Branch
Chief, James M. Flournoy, Assistant Regional Counsel, Office of
General Counsel, SOCIAL SECURITY ADMINISTRATION,
Atlanta, Georgia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Carolyn Gray appeals an order of the district court affirming the denial of her application for social security disability benefits. Gray challenges the ALJ's refusal to subpoena the office notes of Dr. Wilkes, her treating physician; the district court's denial of her motion to remand the case for consideration of Dr. Khan's report; the ALJ's failure to assess her residual functional capacity between December 31, 1993, and March 5, 1995; and the denial of benefits itself. Because we agree with Gray that the ALJ should have subpoenaed Dr. Wilkes' notes, and that a remand for reconsideration is required, we need only address that issue today.

We review an ALJ's refusal to issue a requested subpoena for abuse of discretion. Taylor v. Weinberger, 528 F.2d 1153, 1156 (4th Cir. 1975). The limits of that discretion are of course drawn not only by the particular factual situation, but also by the substantive law governing disability adjudications.

Unlike their colleagues in other agencies, Social Security ALJ's are not simply arbiters, but also inquisitors. They have a duty "to inquire fully into each issue." Marsh v. Harris, 632 F.2d 296, 299 (4th Cir. 1980). Indeed, in its own regulations, the Social Security Administration promises to assist claimants in developing an adequate medical record:

> Our responsibility. Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary or unless you say that your disability began less than 12 months before you filed your application. We will make

2

every reasonable effort to help you get medical reports from your own medical sources when you give us permission to request the reports.

20 C.F.R. § 404.1512(d) (1998).* Because Gray filed her claim in June 1994, her "complete medical history" would extend back to at least June 1993. Dr. Wilkes' office notes surely are a part of that history; more importantly, their absence creates a large temporal gap in the record at precisely the most critical period.

In his letter declining to issue the subpoena, the ALJ emphasized that Dr. Wilkes likely lacked the expertise to diagnose and assess the severity of Gray's impairments. This emphasis was misplaced. The existence of Gray's cardiomyopathy and chronic obstructive pulmonary disease is established; Dr. Wilkes' notes are not needed in that respect. The issue of importance is the date of onset of disability, and her notes may be very pertinent to that issue. We will briefly explain why.

It is easy to assign a date of onset to disability caused by a congenital defect or traumatic injury, but chronic, progressive diseases require a great deal more inquiry. Whether Dr. Wilkes' records show the diagnosis of any heart or respiratory condition before December 31, 1993, they very likely contain contemporaneous descriptions of Gray's symptoms and complaints (or the lack thereof). These contemporaneous descriptions are precisely the sort of evidence ALJ's are commanded to call upon when a date of onset in the past must be inferred. Social Security Ruling (SSR) 83-20 describes how this inference should be drawn (in relevant part, emphasis added):

> With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling. Determining the

_____

*This regulation does not in and of itself bind the ALJ to issue a subpoena. "Every reasonable effort" is defined as a request for information and a follow-up ten to twenty days afterward if the information has not been received. 20 C.F.R. § 404.1512(d)(1). Nevertheless, the regulation expresses the general duty of inquiry and policy of assisting claimants that we applied to subpoena denials in Marsh.

3

proper onset date is particularly difficult, when, for example, the alleged onset and the date last worked are far in the past and adequate medical records are not available. In such cases, it will be necessary to infer the onset date from the medical and other evidence that describe <u>the history and symptomatology</u> of the disease process.

. . .

 In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred. <u>If there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made</u>.

This passage reveals several flaws in the ALJ's decision. First, the ALJ failed to even infer an onset date for Gray's disability, choosing instead the "first recorded medical examination"--the March 6, 1995, pulmonary function test--that authoritatively proved it. He failed to consult the medical advisor, Dr. Collman, to support any inference. <u>See Bailey v. Chater</u> 68 F.3d 75, 80 (4th Cir. 1995) (medical advisor must be consulted "in all but the most plain cases"). But more fundamentally, he erred by failing to "secure[ ]" Dr. Wilkes' office notes, which could very well have provided, through documentation of Gray's symptoms, a "legitimate medical basis" for an inference.

We thus conclude that the ALJ abused his discretion in refusing to subpoena Dr. Wilkes' office records concerning her treatment of Carolyn Gray, and the appropriate remedy is a remand to the agency for issuance of such a subpoena.

4

For this reason, the judgment of the district court is vacated, and the case is remanded with instructions to remand the claim to the Social Security Administration for reconsideration in light of this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

5