## 11352

### STATE v. BETHEA

#### (120 S. E., 239)

1. LARCENY—EVIDENCE AS TO VALUE OF STOLEN PROPERTY ESSENTIAL TO CONVICTION FOR GRAND LARCENY.—Where there was no evidence as to value, size, or weight of alleged stolen bags of soda, a conviction of grand larceny will be reversed, proof that the stolen property was worth $20 or more being essential.

2. CRIMINAL LAW—MOTION FOR NEW TRIAL SUFFICIENT FOR REVIEW OF SUFFICIENCY OF EVIDENCE.—A motion for new trial made after conviction is all that is necessary to secure a review of the question of the sufficiency of the evidence to support a conviction, and motion for directed verdict was not necessary.

Before TOWNSEND, J., Dillon. Reversed and remanded.

Clarence Bethea was convicted of grand larceny and he appeals.

*Messrs. J. P. Lane and W. C. Moore,* for appellant, cite: *There must be proof of value in indictment for grand larceny:* 2 Tread. 693. *Court should exercise discretion even though Rule 77 not complied with:* 3 S. C., 309; 11 S. E., 424.

*Mr. J. Monroe Spears, Solicitor,* for the State, cites: *No motion for nonsuit or directed verdict and appellant is precluded under Rule 77:* 83 S. C., 309; 116 S. C., 210; 110 S. E., 79. *Jury may use experience in estimating value*

*of property stolen:* 2 Hill 506; Wig. Evid. (2d Ed.), Sec. 2570; 41 N. E., 448; 23 C. J., 173, 59.

December 4. 1923.

The opinion of the Court was delivered by Mr. JUSTICE WATTS.

Defendant was indicted for grand larceny, tried, convicted and sentenced. After conviction and before sentence, a motion for a new trial was made and overruled; thereupon appellant appeals on the following exceptions:

"(1) There was absolutely no testimony showing, or tending to show that the property alleged to have been stolen was of the value of more than $20, and that the action of the jury in finding the defendant guilty of grand larceny was illegal and without any testimony whatever to support such a verdict, and his Honor erred in not so holding.

"(2) That his Honor erred in charging the jury as follows: 'Your verdict will be one of three, either guilty, which would mean guilty of stealing the property mentioned in the indictment, and that the property stolen was of more than $20 in value; or guilty of petit larceny, which would mean that he was guilty of stealing the property, or some of the property mentioned, and that the value of the property stolen was less than $20; or not guilty, according as you view the testimony'—the error being that there was no testimony showing, or tending to show, that the value of the property stolen was more than $20, and that, therefore, the presiding Judge erred in submitting the question of grand larceny to the jury.

"(3) That the presiding Judge erred in refusing to grant defendant's motion for a new trial made on the ground that the verdict of the jury was without any testimony to support it, in that the jury found the defendant guilty of grand larceny, whereas there was a total failure of testimony showing, or tending to show, that the property alleged to

have been stolen was of the value of more than $20, and that, therefore, under the testimony, the jury could not possibly have found the defendant guilty of a greater offense than petit larceny; that, therefore, the presiding Judge should have set aside the verdict finding the defendant guilty of grand larceny, and granted a new trial."

These exceptions must be sustained. There is no evidence produced in the trial as to value, size, or weight of the alleged stolen bags of soda. In order to convict of grand larceny there must be some proof that the property was worth $20 or more. *State v. Bennet,* 2 Tread. Const. 693.

No motion was made for a directed verdict on the part of appellant, but after conviction a motion was made for a new trial, which was all that was necessary, under the authorities of *State v. Daniel,* 83 S. C., 309; 65 S. E., 236; *State v. Criddle* (S. C.), 118 S. E., 424; *State v. Mahaffey* (S. C.), 118 S. E., 623.

Judgment is reversed and new trial granted.