16616

STATE v. SWEAT *ET AL.*
(70 S. E. (2d) 234)

*Mr. Joel I. Allen,* of Mullins, *for Appellants,* cites: ▮

*Mr. J. Reuben Long, Solicitor,* of Conway, *for Respondent.*

April 8, 1952.

FISHBURNE, Justice.

The defendants, Frank Sweat, Munroe Sweat, Clifford Sweat, Eugene Tindall, and Willie Yarboro were tried un-

der an indictment containing three counts, to wit: (1) Housebreaking, (2) Larceny, and (3) Receiving stolen goods. All of the defendants were convicted of housebreaking and larceny except the defendant, Clifford Sweat, and he was convicted of receiving stolen goods.

The first count charged all of the defendants with feloniously breaking and entering on September 6, 1950, the Independent Tobacco Warehouse of J. H. Dixon, Sr., J. H. Dixon, Jr., L. H. Bane, Sr., and L. H. Bane, Jr., in the daytime, with the intent to steal the goods and chattels of the owners of the warehouse. The second count charged the defendants with the larceny of 120 pounds of tobacco of the value of more than $20.00, from the possession of the owners of the warehouse, the Dixons and Banes. And they were all charged in the third count with feloniously receiving the tobacco in question, knowing that the same had been stolen.

Upon the call of the case, counsel for the defendants demurred to the indictment and moved to quash it upon the ground that tobacco placed on the warehouse floor belongs to someone, but not to the warehousemen. In other words, the name of the true owner had not been alleged. And immediately after the first witness for the state had testified that C. W. Walters Tobacco Company had bought the tobacco in question and was the owner thereof, defendants again moved to quash the indictment on the ground that the indictment must state the name of the true owner of the property alleged to have been stolen.

The trial court correctly overruled both motions: the first because it did not appear on the face of the indictment that the Dixons and Banes were not the owners of the tobacco. The second motion to quash was not only out of order at that stage of the case, but if treated as a motion for a directed verdict it was prematurely made because the State had just commenced the introduction of its evidence.

When the State had rested its case, defendants moved ■ for a directed verdict on the ground that the persons named in the indictment were not the true owners of the tobacco, and that there was a variance, in that the proof did not conform to the allegations of the indictment. The Court ruled that the indictment alleged that the tobacco was stolen from the possession of the warehousemen, and since it appeared that they were bailees, the indictment was without fault. As to this ruling, the appellants assign error.

After denying the motion for a directed verdict, the court permitted the State to amend the second count of the indictment charging larceny by adding, following the allegation that the tobacco had been stolen from the possession of the warehousemen, the words, "the true owner being C. W. Walters Tobacco Co., a Corp." This amendment was allowed by the Court under Section 1005 of the Code, which provides that if on the trial of any case there shall appear to be any variance between the allegations of the indictment and the evidence offered in proof thereof, it shall be competent for the Court before which the trial shall be had, to amend the indictment according to the proof, provided such amendment does not change the nature of the offense charged.

In our opinion, the Court committed no error in refusing to direct the verdict, and in allowing the amendment. The nature of the offense was not changed.

Larceny involves the felonious taking and carrying ■ away of the goods "of another." It is essential that the stolen goods be owned by someone other than the thief, but it is not ordinarily essential that the thief should know who the owner is. As stated in 32 Am. Jur., § 22, Pages 907, 908:

"It is sufficient if he knows that the property is not his own and takes it to deprive the true owner of it. Nor is it necessary, in order to make the taking larceny, that the person from whom the property is stolen should have the

general ownership. It is sufficient that he has possession as bailee ` * * *."

In 52 C. J. S., Larceny, § 81, page 88, the same ■ principle is announced, that the ownership of property stolen from the possession of a bailee may be laid either in the bailor or the bailee, or it may be laid in both bailor and bailee, in separate counts.

Error is assigned by the defendants other than Clif- ■ ford Sweat, upon the ground that they were convicted of an entirely different offense from that charged within the terms of the indictment. Reference is had to the first count, which charges housebreaking in the daytime.

The indictment in this case was laid under Sec. 1139 of the Code, which reads as follows:

"Every person who shall break and enter, or who shall break with intent to enter, in the daytime, any dwelling house or other house, or who shall break and enter, or shall break with intent to enter, in the night time, any house, the breaking and entering of which would not constitute burglary, with intent to commit a felony or other crime of a lesser grade, shall be held guilty of a felony, and punishable at the discretion of the court by imprisonment in the county jail or penitentiary for a term not exceeding one year."

Upon the close of all the testimony, the solicitor elected to go to trial charging the defendant, Clifford Sweat, under the third count,—that is, receiving stolen property knowing the same to have been stolen; and the other four defendants under the first and second counts, charging, respectively, housebreaking and grand larceny.

The first count specifically charged that the offense of housebreaking had been committed in the daytime. The proof showed without contradiction that the Independent Tobacco Warehouse had been broken into and entered in the night- time.

Under our cases, we think that a verdict of not guilty should have been directed under Count One of the indictment. The identical question was presented in *State v. Sowell*, 85 S. C. 278, 67 S. E. 316, 318, where the Court stated:

"In *State v. Bouknight*, 55 S. C. 353, 33 S. E. 451, it was held that section 145, *supra* (now Sec. 1139), 'creates two distinct and different offenses, though both belong to the same class of felonies, and are punishable in the same way,' and that, where both offenses are charged in separate counts in the same indictment, the solicitor may be required to elect upon which he will go to trial. The time of its commission is therefore of the essence of the offense. What would be the advantage of requiring an election if the count upon which the trial proceeds can, by amendment as to the time, after the proof is in, be substituted for the count rejected? Section 58 of the Criminal Code permits 'any defect in form' in any indictment to be amended, 'provided such amendment does not change the nature of the offense charged.' The two offenses being distinct and different, the amendment not only changed the nature of the offense charged, but substituted an entirely different one for the one charged, and was therefore a violation of the rights of the accused, guaranteed by section 17, art. 1, of the Constitution, which says: 'No person shall be held to answer for any crime where the punishment exceeds a fine of one hundred dollars or imprisonment for thirty days, with or without hard labor, unless on a presentment or indictment of a grand jury,' etc."

In the above case, *State v. Sowell*, 85 S. C. 278, 67 S. E. 316 the indictment, as in this case, alleged the offense of housebreaking to have been committed in the daytime; and, as here, the proof showed that it was committed in the nighttime. A motion to direct a verdict of acquittal on the ground of variance was refused and the indictment was amended to conform to the evidence. In the case at bar no election was suggested because the two offenses were not charged in separate counts. Nor was any motion made to amend the

indictment; but such motion, if made, would have been of no avail, because as stated in *State v. Sowell, supra,* "the two offenses" (that is, whether committed in the daytime or in the nighttime) "being distinct and different, the amendment not only changed the nature of the offense charged, but substituted an entirely different one for the one charged * * *."

It is manifest that while the four named defendants were convicted of a crime for which they had been indicted by the grand jury,—that is, of breaking and entering in the daytime; yet the evidence shows without dispute that the offense was committed in the nighttime, which constitutes an entirely different offense from that charged, and should not be permitted to stand.

The appellant, Clifford Sweat, by the election of the State, was tried solely on the third count of the indictment, and was convicted thereunder of receiving stolen goods knowing them to have been stolen. Error is assigned because the Court refused to direct a verdict of not guilty as to this defendant upon the ground that the testimony offered by the State tended to prove him guilty of larceny, which count as to him was eliminated from the indictment, and not guilty of receiving stolen goods, upon which charge he was convicted.

There was ample evidence offered by the State tending to show that the four defendants, other than Clifford Sweat, on September 6, 1950 entered the Independent Tobacco Warehouse in the City of Mullins, and feloniously stole and removed therefrom approximately 120 pounds of tobacco, as charged in the second count of the indictment. They placed this tobacco in a Ford automobile, drove several blocks to another street, and transferred it to the truck of the defendant, Clifford Sweat, who was awaiting their arrival. The evidence tended to show that he was to pay them $20.00 per hundred pounds for the tobacco which he knew had been feloniously stolen. The day following the theft,

the tobacco was taken by Clifford Sweat to a warehouse in Dillon, where it was sold for $72.00.

It is argued that the receiving of the tobacco by Clifford Sweat was a part of the theft; that he was a guilty participant in the commission of the offense; and was therefore guilty of larceny and not of receiving stolen goods knowing them to have been stolen.

The buying or receiving of stolen goods knowing the same to have been stolen, is a separate substantive offense under Code Section 1161. It is an accepted rule that one who commits larceny cannot be adjudged guilty of criminally receiving the property stolen. The difficulty comes in where the actual thief was aided by the accused in the commission of the crime. In our opinion, however, the jury was justified under the evidence in finding the defendant, Clifford Sweat, guilty of receiving the stolen goods.

The principle involved was clearly stated in the recent case of *State v. Tindall,* 213 S. C. 484, 50 S. E. (2d) 188, 190:

"The crime of larceny and that of receiving stolen property being distinct and separate offenses, it becomes necessary to determine whether participation in the larceny by one accused of receiving the goods is of such character and extent as to make the receiving a part of the theft itself, or whether the receiving it, under the circumstances, so distinct as to constitute the separate offense defined by the statute as receiving. Thus it has been said that the reason for the general rule, that is, that the thief may not receive the stolen property from himself, disappears where the receiving of the stolen property is not embraced in the caption and asportation, or where the person prosecuted for the receiving is not the prinicpal thief or guilty of the actual taking and carrying away. 45 Am. Jur., Sec 10, Page 393. Accordingly, the accused may be convicted of criminally receiving stolen property, even though he was a guilty participant in the stealing of it, where he took no part in the

actual caption and asportation, but participated only as accessory before or after the fact. *State v. Coppenburg,* 2 Strob. 273, 33 S. C. L. 132; *Leon v. State,* 21 Ariz. 418, 189 P. 433, 9 A. L. R. 1393."

The evidence in this case which we have summarized, tends to show that the defendant, Clifford Sweat, became a participant in the theft, but took no part in the actual caption and asportation of the tobacco. Hence in our opinion, no error was committed in refusing the defendants' motion for a directed verdict.

The judgment of conviction of Frank Sweat, Munroe Sweat, Eugene Tindall and Willie Yarboro under count two; and the conviction of Clifford Sweat under count three, are therefore, affirmed; and the judgment is reversed as to count one.

The above named four defendants, Frank Sweat, Munroe Sweat, Eugene Tindall, and Willie Yarboro were each sentenced to eighteen months imprisonment at hard labor following their conviction for housebreaking under count one, and for larceny under count two. We have held that a verdict of not guilty should have been directed as to them upon the charge of housebreaking; and in our opinion the case should be remanded so that these four named defendants may be re-sentenced under count two of the indictment, which charged larceny.

It is so ordered.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.