19501

Perry Lee YOUNG, Appellant, v. The STATE of South Carolina, Respondent.

(192 S. E. (2d) 212)

*Edward A. Harter, Jr., Esq.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Emmet H. Clair,* and *Robert M. Ariail, Asst. Attys. Gen.,* of Columbia, *for Respondent,*

October 17, 1972.

LEWIS, Justice:

Appellant, represented at the time by retained counsel, was tried at the June 1969 term of the General Sessions Court for Richland County under an indictment containing two counts, one charging robbery and the other grand larceny. He was found guilty of robbery and sentenced to a term of five (5) years, under which he is now being held. His subsequent appeal to this Court, prosecuted by appointed counsel, was dismissed on December 3, 1970, upon the ground that none of the questions argued on appeal had been timely raised in the course of his trial in the lower court. *State v. Young*, 255 S. C. 198, 178 S. E. (2d) 142. The matter is now here on appeal from an order of the lower court dismissing appellant's subsequent application for post-conviction relief.

Appellant seeks in this proceeding either an order of acquittal or a new trial upon the grounds that (1) the verdict of the jury was inconsistent; (2) one of the State's witnesses (officer E. H. Sinnott) committed perjury; and (3) his retained counsel failed to render effective and adequate representation during the trial.

Appellant first contends that the verdict of the jury was inconsistent. The indictment charged appellant with the crimes of robbery and larceny. The charges arose out of the same facts or transaction. The jury returned a verdict of "guilty of robbery" with no specific finding as to the separate charge of larceny. Appellant now contends that a verdict of "guilty of robbery", with no mention of the separate count charging larceny, was, in effect, a finding of not guilty as to the latter charge. It is argued that such separate findings are inconsistent and the verdict of guilty as to robbery should be set aside.

Robbery is larceny from the person or immediate presence of another by violence or intimidation. *Dukes v. State,* 248 S. C. 227, 149 S. E. (2d) 598. It is basically larceny compounded or aggravated by force used in the taking of property from the person or in the presence of another. 2 Wharton Criminal Law and Procedure, Section 547. While larceny is included in the charge of robbery, a taking by violence or intimidation is not an element of the crime of larceny.

Therefore, an indictment charging larceny and robbery includes larceny as an element of both offenses; and a verdict finding appellant guilty of robbery, of necessity, carried with it a finding that he was guilty of larceny. Such a verdict was not inconsistent with a verdict of not guilty on the separate charge of larceny. The question presented to the jury was whether appellant was guilty of larceny with or without violence or intimidation, or not guilty. If larceny was committed without force, the crime was larceny. If larceny was committed with force, the crime was robbery. The verdict simply represented a finding by the jury that appellant committed larceny under circumstances of sufficient aggravation to constitute robbery. There was no inconsistency in the verdict.

The objection now raised as to the alleged contradictions in the testimony of the officer is not available to appellant as a ground for post-conviction

relief. The fact that a witness might have contradicted himself was an issue affecting the weight of his testimony, not its admissibility, and was for the jury which determined appellant's guilt.

The final question concerns appellant's claim that his ██ retained trial counsel failed to adequately and effectively represent him. He claims that his counsel failed to timely object to certain alleged trial errors so that they could be reviewed and corrected on appeal, and made prejudicial statements concerning him at the time of sentencing. We have carefully examined the record and find evidentiary support for the lower court's conclusion that the representation afforded appellant by his experienced counsel met the constitutional standards. This is the limit of our review of such findings. *Dixon v. State,* 253 S. C. 41, 168 S. E. (2d) 770.

Judgment affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.