## 20978

The STATE, Respondent, v. Billy Ray WOODS and Leon Dewayne Woods, Appellants.

(255 S. E. (2d) 680)

*Andrew L. Abrams,* Greenville, *for appellants.*

*Atty. Gen. Daniel R. McLeod* and *Staff Atty. Buford S. Mabry, Jr.,* Columbia, and *Sol. W. W. Wilkins, Jr.,* Greenville, *for respondent.*

June 6, 1979.

*Per Curiam:*

Appellants were convicted of housebreaking and larceny during the May 1978 term of General Sessions Court for Pickens County. Appellants submit

that the evidence presented during their trial was insufficient to sustain their conviction. In considering whether the evidence was sufficient to support a conviction in a criminal case, such has to be viewed in the light most favorable to the State. *State v. Hendrix,* 270 S. C. 653, 244 S. E. (2d) 503 (1978), Accordingly, we review the evidence in that light.

On Sunday, April 16, 1978, between 10:15 a. m. ■ and 12:20 p. m., the residence of Roger Crowe in Easley was broken into, and property valued in excess of Fifty Dollars was taken. On the same day, during the same time period, appellants parked their car along a nearby road, climbed a fence, and entered the woods in the direction of the Crowe residence. Appellants walked along the street in front of the Crowe residence. Thereafter, appellants returned to their parked car, through the woods they had originally entered, and drove away from the area. Around 6:00 p. m. that evening the majority of the stolen property was located in a clump of undergrowth near the route used by appellants when returning to their parked car. There was no other evidence linking appellants to the Crowe residence or the stolen property.

This Court's standard in reviewing the sufficiency of circumstantial evidence in criminal cases is well stated in *State v. Chandler,* 267 S. C. 138, 226 S. E. (2d) 553 (1976), and need not be restated here.

In the instant case there is evidence sufficient to raise a strong suspicion of appellants' guilt. However, we are not convinced that there is any substantial evidence which reasonably tends to prove their guilt or from which their guilt may be fairly and logically deduced. Suspicion, however strong, does not suffice to sustain a conviction. *State v. Hyder,* 242 S. C. 372, 131 S. E. (2d) 96 (1963).

For the reasons set forth the judgment below is reversed and the cause remanded for entry of a verdict of acquittal.