## 21226

The STATE, Respondent, v. Lucious SMITH, Appellant.

(266 S. E. (2d) 422)

*Staff Atty. David W. Carpenter,* of *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Russell D. Ghent,* Columbia, and *Sol. J. Du-Pre Miller,* Bennettsville, *for respondent.*

May 12,1980.

HARWELL, Justice:

Appellant Lucious Smith was convicted of housebreaking and grand larceny and the court imposed only one sentence for both the housebreaking and grand larceny charge. The better practice is to impose a separate sentence of each conviction or plea. This appeal is based on the denial at trial of appellant's motion for a directed verdict on the grand larceny charge. We reverse and remand for sentencing on the housebreaking conviction.

Grand larceny is a felony which includes all the elements of the lesser offense of petit larceny except that grand larceny involves the theft of goods valued at fifty dollars or more. See, Sections 16-1-10 and 16-13-30, S. C. Code Ann. (1976). The State must present credible evidence establishing each element of the crime charged.

624

Appellant takes the position that the State failed to prove that the value of the article stolen is worth at least fifty dollars. We review the evidence in the light most favorable to the State in an action where the sufficiency of the evidence has been challenged by a defendant's motion for directed verdict. *State v. Woods,* 273 S. C. 266, 255 S. E. (2d) 680 (1979).

There is evidence that the watch in question was a Helbros gold watch with a broken band given to the victim by his grandfather and that it was worn on occasions for dress. The watch in question was introduced into evidence. There was no testimony, circumstantial or direct, that this watch had a value of at least fifty dollars. Even reviewing the evidence in the light most favorable to the State the value of the watch was left entirely to conjecture and speculation by the jury and the lower court should have granted the motion for a directed verdict as to the charge of grand larceny.

For the reasons set forth the grand larceny conviction is reversed and the case is remanded for resentencing on the housebreaking conviction only.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.