### 21390

The STATE, Respondent, v. Johnny HUMPHERY, Jr., Appellant.

(274 S. E. (2d) 918)

*Public Defender Henry Herlong,* Edgefield, and *Deputy Appellate Defender Vance J. Bettis, S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Kay G. Crowe* and *Nan L. Black,* Columbia, and *Sol. Donald V. Myers,* Edgefield, *for respondent.*

February 5, 1981.

NESS, Justice:

Appellant Johnny Humphrey, Jr., was convicted of housebreaking and grand larceny. We affirm.

Appellant first asserts the trial court abused its discretion in allowing the State to reopen its case and present evidence that the value of the property taken exceeded $50.00 after he had moved for a directed verdict. We disagree.

It is within the sound discretion of the trial judge to allow the State to reopen its case and prove an essential element of the offense charged. *State v. Hammond,* 270 S. C. 347, 242 S. E. (2d) 411 (1978); *State v. Harrison,* 236 S. C. 246, 113 S. E. (2d) 783 (1960). The trial court did not abuse its discretion in allowing the State to reopen and prove value—an essential element of grand larceny. See: *State v. Smith,* S. C., 266 S. E. (2d) 422 (1980).

Appellant next asserts the trial court erred because it inadvertently failed to charge the jury that they must find the value of the property taken was $50.00 or more. We disagree.

Appellant neither objected to the charge nor requested additional instruction. *State v. Todd,* 264 S. C. 136, 213 S. E. (2d) 99 (1975) is dispositive of this exception. In *Todd, supra,* at 139, 213 S. E. (2d) 99, we stated:

". . . [T]he failure of a defendant to object to the charge as made or to request additional instructions, when the opportunity to do so is afforded, constitutes a waiver of any right to complain of errors in the charge."

Moreover, Mr. Talbert (the owner) testified the value of the goods taken was approximately $500 to $600. There was no other testimony concerning value. Appellant did not cross-examine Mr. Talbert nor did he present any evidence in rebuttal concerning the value of the property. Error, if any, resulting from the trial court's failure to charge the jury on value was harmless. See 52A C. J. S., Larceny, § 147, where it is stated:

". . . [W]here, in a prosecution for grand larceny, the undisputed evidence fixes the value incontestably above the amount necessary to constitute the offense charged the court is not required to instruct the jury concerning the necessity for the proof to show a value above that amount." Cited in *State v. Kirk,* 205 Kan. 681, 472 P. (2d) 237 (1970).

We affirm appellant's conviction of housebreaking and grand larceny.

Affirmed.

LEWIS, C. J., and GREGORY and HARWELL, JJ., concur.

LITTLEJOHN, J., not participating.