21962

The STATE, Respondent, v. Michael LAWSON, Appellant.

(305 S. E. (2d) 249)

*Appellate Defender John L. Sweeny* and *Asst. Appellate Defender Kathy D. Lindsay,* both of *S. C. Com'n of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Senior Asst. Atty. Gen. Brian P. Gibbes,* Columbia, and *Sol. Randolph Murdaugh, Jr.,* Hampton, *for respondent.*

July 20, 1983.

*Per Curiam:*

The appellant was convicted of robbery, grand larceny, and aggravated assault and battery. He received three ten-year consecutive sentences, suspended upon service of ten years, with three years' probation. Our review of the case persuades us the appellant should not have been convicted of larceny. Therefore we reverse that conviction, vacate the attendant sentence, and affirm the remainder of the judgment.

The evidence at trial showed that the assistant manager of a restaurant had left the premises one night carrying the evening's receipts in a paper bag. The appellant attacked him from behind, threw him to the ground, beat him severely and fled with the bag containing the restaurant receipts.

It is plain from the facts recited that the appellant committed both robbery and the lesser-included offense of larceny. *State v. Brown,* 274 S. C. 48, 260 S. E. (2d) 719 (1979).

The state and federal constitutions guarantee freedom from double jeopardy and protect a criminal defendant from punishment for both an offense and a lesser-included offense when, as here, they are established by the very same acts. United States Constitution, Amendments V and XIV and *Benton v. Maryland*, 395 U. S. 784, 89 S. Ct. 2056, 23 L. Ed. (2d) 707 (1969); South Carolina Constitution, Article I, Section 12; *Brown v. Ohio*, 432 U. S. 161, 97 S. Ct. 2221, 53 L. Ed. (2d) 187 (1977); *cf. State v. Lawrence*, 266 S. C. 423, 223 S. E. (2d) 856 (1976) (no violation of double jeopardy to sentence defendant for both armed robbery and unlawful possession of a pistol, although the operative facts in both crimes were identical, because former did not include latter).

The sentence for grand larceny violated the appellant's constitutional right not to be punished twice for the same offense. We now vacate the sentence and reverse the conviction for grand larceny.

The remaining issues we affirm under Rule 23 of the Rules of Practice in the Supreme Court.