## 22170

The STATE, Respondent, v. Adam SCIPIO, Appellant.

(322 S. E. (2d) 15)

Supreme Court

*Deputy Appellate Defender William Isaac Diggs,* Columbia, for appellant.

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Charles H. Richardson,* Columbia, *Solicitor Dudley Saleeby, Jr., Twelfth Judicial Circuit,* Florence, *for respondent.*

Heard Sept. 11, 1984.

Decided Oct. 12, 1984.

NESS, Justice:

Appellant was convicted of robbery and armed robbery and sentenced to seven years and twenty-one years concurrently.

We affirm the conviction and twenty-one year sentence for armed robbery but reverse the robbery conviction and vacate the seven year sentence.

On the night of the robbery, appellant entered a Sav-Way Station, pointed a pistol at the attendant and demanded money from the cash register and the attendant's wallet.

Appellant first argues his convictions for robbery and armed robbery constitute double jeopardy under *Blockburger v. U. S.,* 284 U. S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932) because robbery is a lesser included offense of armed robbery. We agree.

"A lesser included offense requires no proof beyond that which is required for conviction of the greater offense." *State v. Dobson,* 279 S. C. 551, 309 S. E. (2d)

752, 753 (1983). In *State v. Brown*, 274 S. C. 48, 260 S. E. (2d) 719 (1979), we defined robbery as the felonious taking and carrying away of goods of another against the will or without consent. The legislature has defined armed robbery as robbery while armed with a deadly weapon. S. C. Code Ann. § 16-11-330(1976). Since only the additional element of being armed with a deadly weapon distinguishes these two offenses, robbery is a lesser included offense of armed robbery. *State v. Jones*, 273 S. C. 723, 259 S. E. (2d) 120 (1979). The constitutional prohibition against double jeopardy forbids punishment for an offense and a lesser included offense by the same acts. *State v. Spann*, 279 S. C. 399, 308 S. E. (2d) 518 (1983).

The trial judge erred in permitting the jury to find guilt on both robbery and armed robbery. He should have instructed the jury to find guilt on one or the other. The conviction and sentence of the lesser included offense is vacated. *State v. Lawson*, 279 S. C. 266, 305 S. E. (2d) 249 (1983).

Appellant next alleges the trial court erred in denying his motion for a mistrial based on the State's failure to timely produce a composite drawing as required by Circuit Court Rule 103.

During cross examination of the victim appellant was first advised of the existence of a composite drawing made from the victim's description of the suspect. Appellant's motion for a mistrial as a sanction for non-compliance was denied. Any alleged error was cured by permitting the appellant to cross examine the witness about the composite drawing.

Sanctions for non-compliance with Circuit Court Rule 103 are within the discretion of the trial court and will not be disturbed on appeal absent abuse or prejudice. *State v. Bridges*, 278 S. C. 447, 298 S. E. (2d) 212 (1982). This does not relieve a solicitor of the duty under his oath to fully comply with the disclosure rule. We take this opportunity to advise the solicitors to promptly comply with this rule.

Finally appellant maintains the trial court erred in permitting an in-court identification because of suggestive photographic and physical lineups. We disagree.

The night of the robbery the victim failed to identify appellant in a photo lineup. Four days later he identified him in

a physical lineup. Appellant contends because he was the only individual to appear in both the photographic and physical lineups, the in-court identification was tainted.

The reliability of an identification is determined by the facts. *State v. Ford*, 278 S. C. 384, 296 S. E. (2d) 866 (1982). Here, the victim observed appellant standing within arms length for 4 to 4½ minutes in a well-lighted store. The photograph of appellant included in the photographic lineup was taken after two teeth had been extracted and his face was swollen. He was positive of his identification at the physical lineup. We hold the in-court identification was reliable and properly admitted.

We affirm the conviction and sentence of twenty-one years for armed robbery. We reverse the conviction for robbery and vacate the seven year sentence.

Affirmed in part and reversed in part.

GREGORY, HARWELL and CHANDLER, JJ., and CURTIS G. SHAW, as Acting Associate Justice, concur.