22172

The State, Respondent, v. Earl T. MOULTRIE, Appellant.

(322 S. E. (2d) 663)

Supreme Court

*Elizabeth C. Fullwood, Asst. Appellate Defender*, Columbia, for appellant.

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.*, Columbia, *Sol. Randolph Murdaugh, Jr., Fourteenth Judicial Circuit*, of Hampton, *for respondent.*

Heard Sept. 10, 1984.

Decided Oct. 22, 1984.

NESS, Justice:

Appellant Earl Moultrie was convicted of housebreaking and grand larceny. We affirm.

Appellant broke a window and entered an appliance and tire store during the night. Before he was apprehended he moved one tire outside the building and two tires thirty-three feet from the tire rack.

Choosing to represent himself, appellant entered a plea of not guilty by reason of insanity. After examination at the State Hospital, he was found competent to stand trial.

Appellant alleges he was precluded from adequately conducting his insanity defense because the trial court refused his request to subpoena four physicians. We disagree.

Insanity must be established at the time of the crime in order to serve as a defense. *State v. Law*, 270 S. C. 664, 244 S. E. (2d) 302 (1978). The Columbia physicians stopped treating appellant four months before the offense and seven months prior to the trial. The trial judge properly ruled their testimony would have no probative value about appellant's condition at the time the offense occurred.

The admission of evidence is within the discretion of the trial judge and will not be disturbed on appeal unless abuse is shown. *State v. Woomer*, 276 S. C. 258, 277 S. E. (2d) 696 (1981).

Appellant next maintains the evidence was insufficient to prove grand larceny because he was successful in getting only one of the three tires outside the premises. We disagree.

Grand larceny consists of the felonious taking and carrying away of the goods of another, where the value exceeds $200. *See State v. Sweat, et al.*, 221 S. C. 270, 70 S. E. (2d) 234 (1952); *State v. Brown*, 274 S. C. 48, 49, 260 S. E. (2d) 719 (1979); S. C. Code Ann. § 16-13-30 (1983 Cum. Supp.). Although "[t]he asportation of the stolen property is an indispensable element of the offense,—the slightest removal of the [property] with felonious intent fulfills this requirement." *State v. Tindall*, 213 S. C. 484, 489, 50 S. E. (2d) 188 (1948).

Appellant concedes he moved the three tires at least thirty-three feet from the rack. We hold this act constituted sufficient asportation, as the goods need not be removed from the premises. *Craighead v. State*, 126 Ga. App. 300, 190 S. E. (2d) 606 (Ga. 1972); 52A CJS, Larceny, § 6.

Finally, appellant argues he was entitled to a presentence investigation pursuant to S. C. Code Ann. § 24-23-120 (1983 Cum. Supp.). We disagree.

This section mandates a presentence investigation when the trial judge "has reason to believe a defendant suffers from a mental disorder, retardation, or substantial handicap. . . ." We find the trial court properly denied the motion, as the competency hearing report sufficiently appraised him of appellant's mental ability. Additionally, the trial court had the opportunity to observe appellant's mental capacity as he represented himself throughout the trial.

Affirmed.

LITTLEJOHN, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.