22952

The STATE, Respondent v. Wayne E. ATES, Appellant.

(377 S. E. (2d) 98)

Supreme Court

*Chief Atty. William Isaac Diggs, Deputy Chief Atty. Elizabeth C. Fullwood* and *Asst. Appellate Defender D. Mark Stokes, S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Atty. Gwendolyn L. Fuller,* Columbia, and *Solicitor Robert J. Harte,* Aiken, *for respondent.*

Heard Sept. 20, 1988.

Decided Feb. 6, 1989.

*Per Curiam:*

Appellant Wayne E. Ates (Ates) was convicted of grand larceny in connection with the theft of a camera belonging to Thomas Paull (Paull). We reverse and remand for a new trial.

At trial, Paull was unable to testify to the exact price of the camera when purchased in September, 1986. He did testify, however, that its replacement cost was $629.

On cross-examination, defense counsel attempted to question Paull concerning the difference between the camera's actual and replacement value. The trial judge interrupted, stating: "Excuse me, Mr. Mills, I don't want to interrupt you but if he paid five hundred dollars for it back in September nobody would settle for less than two hundred in January. Let's move on to something else. That's not an issue in this case."

Ates contends that the judge's remarks constituted an improper comment on the facts. We agree.

In the course of criminal trials in South Carolina, the judge must refrain from all comment which tends to indicate his opinion on the weight or sufficiency of evidence, the credibility of witnesses, the guilt of the ac-

cused, or the facts in controversy. *Sosebee v. Leeke,* 293 S. C. 531, 362 S. E. (2d) 22 (1987); *State v. Smith,* 288 S. C. 329, 342 S. E. (2d) 600 (1986); *State v. Pruitt,* 187 S. C. 58, 196 S. E. 371 (1938). We recently applied this principle and reversed the conviction in *State v. Campbell,* 374 S. E. (2d) 668 (S. C. 1988).

The trial judge's remarks here could well have conveyed to the jury his opinion as to the credibility of Paull's testimony concerning the value of the camera. Furthermore, his comment that value was not an issue in the case may have suggested that the State had met its burden of proving that the value when stolen exceeded $200.[1] The error was exacerbated by his simultaneously precluding defense counsel from cross-examining the witness on this issue.

Reversed and remanded.

---

[1] In a *grand* larceny prosecution, *value* is a critical element; it is the State's burden to prove that the value of stolen goods exceeds $200. *See State v. Moultrie,* 283 S. C. 352, 322 S. E. (2d) 663 (1984).