23096

The STATE, Respondent v. John Douglas AUSTIN, Appellant.

(385 S. E. (2d) 830)

Supreme Court

*Chief Attorney William I. Diggs* and *Asst. Appellate Defender Tara D. Shurling, S. C. Office of Appellate Defense,* Columbia, *for Appellant.*

*Attorney General T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Solicitor Joseph J. Watson,* Greenville, *for respondent.*

Heard Feb. 8, 1989.

Decided Nov. 6, 1989.

FINNEY, Justice:

Appellant John Austin was convicted of simple assault and battery, strong arm robbery, and petit larceny. The trial court sentenced appellant to eight years imprisonment for robbery, thirty days concurrent for petit larceny and thirty days concurrent for simple assault and battery. Appellant appeals alleging the trial court erred by denying his request for an additional jury charge on the law of mere presence, denying his motion requiring the state to elect between robbery and petit larceny and asserts further that conviction for robbery and petit larceny constitutes double jeopardy. We affirm in part and reverse in part.

Mark Davis testified that on April 2, 1987, while walking from a convenience store, he was attacked and his money taken by the appellant and another man. Davis testified that the appellant grabbed his neck and, along with the other man, beat him.

Wayne Townsend, a police officer with the Greenville County Sheriff's Department, testified that while he was driving home from work he observed the attack on Davis. According to Officer Townsend, Davis was on the ground and the appellant and the other man were hitting him with their fists. Townsend said he saw the appellant kick Davis in

the ribs and in the head. Townsend approached the scene, announced that he was a police officer, and directed the assailants to desist. Davis complained to Officer Townsend that "they" had taken his money.

Appellant's version of the incident differs from the versions propounded by Davis and Officer Townsend. Appellant testified that as he was walking down the street, two men approached him. One of them stopped, turned around, and went the other way. The other man approached the appellant, asked for a cigarette and began to follow the appellant. Appellant then saw Davis coming down the street. Appellant testified that the man who was following him approached Davis and requested a quarter. Davis told the man that he did not have a quarter. The man then grabbed Davis around the neck and pulled Davis to the ground. Appellant testified that he was knocked to the ground by the unknown assailant and, as a result, became physically entangled in the assailant's attack on Davis. Appellant denies grabbing or kicking Davis and contends the unknown assailant took Davis' wallet.

We first address appellant's argument that the trial court erred by denying his request for an additional jury charge on the law of mere presence.

A request to charge a correct statement of the law on an issue raised by the indictment and the evidence presented at trial should not be refused. *State v. Kimbrell*, 294 S. C. 51, 362 S. E. (2d) 630 (1987). However, if the trial judge refuses to give a specific charge, there is no error if the charge actually given sufficiently covers the substance of the request. *Id.*

The trial judge charged the jury, in relevant part, as follows:

[A] principal in a crime is one who either in person perpetrates the crime or who being present aids, abeits [sic] and assists in the commission of that crime. When one does an act in the presence of and with the assistance of another, the act is done by both. And where two or more, acting with a common design or a common intent, are present at the commission of a crime, it matters not by whose immediate agency that crime is committed because all would be guilty. Intent, however,

ladies and gentlemen, is a necessary element, for there must have been a common design or intent to commit the crime and the crime must have been committed pursuant thereto with the person aiding and abeiting [sic] by some overt act. . . .

Our review of the charge in question convinces us that the language of the instructions made it sufficiently clear that to find guilt for a crime, a person must personally commit the crime or be present at the scene of the crime and intentionally, or through a common design, aid, abet, or assist in the commission of that crime through some overt act. In our view, the jury charge, as given, sufficiently covered the substance of appellant's request. Thus, the trial judge did not err by refusing to give an additional charge.

We next address appellant's argument that the trial court erred in denying his motion to require the State to elect between the charges of robbery and larceny. Under South Carolina law, distinct criminal offenses may arise from a single act. *State v. Hall*, 280 S. C. 74, 310 S. E. (2d) 429 (1983). Therefore, we find no error in the trial court submitting both charges to the jury. Finally, appellant asserts that his conviction for petit larceny cannot stand and must be set aside. We agree. Larceny is a lesser included offense within robbery, and punishment for both offenses arising out of the same incident is impermissible. *State v. Lawson*, 279 S. C. 266, 305 S. E. (2d) 249 (1983).

Accordingly, the conviction for petit larceny is reversed and the sentence vacated; the convictions and sentences for robbery and simple assault and battery are affirmed.

Affirmed in part and reversed in part.