571 S.E.2d 280

**Marcus A. JOSEPH, Petitioner,**

**v.**

**STATE of South Carolina, Respondent.**

**Marcus A. Joseph, Petitioner,**

**v.**

**State of South Carolina, Respondent.**

No. 25539.

Supreme Court of South Carolina.

Heard May 15, 2002.

Decided Oct. 14, 2002.

554

Assistant Appellate Defender Robert M. Dudek, of the South Carolina Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Allen Bullard, and Assistant Attorney General Douglas E. Leadbitter, all of Columbia, for respondents.

Justice MOORE:

We consolidated these cases because they involve the same underlying guilty pleas. We granted the petitions for writs of certiorari to determine whether grand larceny is a lesser-included offense of armed robbery, whether petitioner's plea to murder was knowingly and voluntarily entered, and whether the plea court lacked subject matter jurisdiction on the murder indictment. We affirm.

## FACTS

Petitioner was indicted for murder, armed robbery, accessory before the fact, and possession of a weapon during a violent crime. In 1988, he pled guilty to murder and grand larceny and was sentenced to life imprisonment and a concurrent ten-year sentence, respectively. No direct appeal was taken.

After a hearing on petitioner's post-conviction relief (PCR) action, the PCR court ruled the plea court did not have subject matter jurisdiction to accept petitioner's plea to grand larceny because grand larceny is not a lesser-included offense of armed robbery. His conviction for grand larceny was

vacated. The PCR court denied petitioner's claim that his entire guilty plea was rendered unknowing and involuntary because the plea court lacked jurisdiction to accept his plea to grand larceny.

Petitioner also filed for a writ of *habeas corpus* before a different judge. After a hearing, the *habeas* court denied petitioner's claim that the plea court lacked subject matter jurisdiction to accept his plea to murder due to an insufficient indictment.

*Johnson*[1] petitions were filed in both the PCR and the *habeas* cases. The Court granted the petitions for a writ of certiorari in both cases after the *Johnson* issues in the PCR case had been briefed.

## ISSUES

I. Whether the PCR court erred by finding grand larceny is not a lesser-included offense of armed robbery?

II. If the plea court did not have subject matter jurisdiction to accept petitioner's plea to grand larceny, was petitioner's plea to murder knowingly and voluntarily entered?

III. Whether the plea court lacked subject matter jurisdiction on the murder indictment since the indictment omitted the words "wilfully" and "feloniously?"

## DISCUSSION

### I

The circuit court does not have subject matter jurisdiction to convict a defendant of an offense unless there is an indictment which sufficiently states the offense, the defendant waives presentment, or the offense is a lesser-included offense of the crime charged in the indictment. *State v. Owens,* 346 S.C. 637, 552 S.E.2d 745 (2001). The test for determining when an offense is a lesser-included offense of another is whether the greater of the two offenses includes all the elements of the lesser offense. *State v. McFadden,* 342 S.C.

---

1. *Johnson v. State,* 294 S.C. 310, 364 S.E.2d 201 (1988) (approving the withdrawal of counsel in meritless appeals of PCR actions by following a certain procedure).

629, 539 S.E.2d 387 (2000). If the lesser offense includes an element which is not included in the greater offense, then the lesser offense is not included in the greater offense. *Hope v. State,* 328 S.C. 78, 492 S.E.2d 76 (1997).

Larceny involves the taking and carrying away of the goods of another, which must be accomplished against the will or without the consent of the other. *State v. Brown,* 274 S.C. 48, 260 S.E.2d 719 (1979). Specifically, grand larceny is the felonious taking and carrying away of the goods of another, where the value exceeds $200. *See* S.C.Code Ann. § 16–13–30 (1985) (stating petit larceny involves stolen goods whose value is less than $200); *State v. Moultrie,* 283 S.C. 352, 322 S.E.2d 663 (1984) (grand larceny is felonious taking and carrying away of goods of another, where value exceeds $200).[2] Robbery is defined as the felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear. *State v. Drayton,* 293 S.C. 417, 361 S.E.2d 329 (1987), *cert. denied,* 484 U.S. 1079, 108 S.Ct. 1060, 98 L.Ed.2d 1021 (1988). Armed robbery occurs when a person commits robbery while armed with a deadly weapon. *Id.*

Larceny has been found to be a lesser-included offense of robbery by this Court on several occasions. *See State v. Austin,* 299 S.C. 456, 385 S.E.2d 830 (1989) (petit larceny is lesser-included of strong armed robbery); *State v. Harkness,* 288 S.C. 136, 341 S.E.2d 631 (1986) (petit larceny is lesser of robbery); *State v. Lawson,* 279 S.C. 266, 305 S.E.2d 249 (1983) (grand larceny is lesser-included of robbery); *State v. Brown, supra* (larceny, without indicating whether petit or grand, is lesser of robbery); *Young v. State,* 259 S.C. 383, 192 S.E.2d 212 (1972) (grand larceny is lesser-included of robbery). *See also State v. Ziegler,* 274 S.C. 6, 260 S.E.2d 182 (1979) (in

**2.** Petitioner pled guilty in 1988 prior to the 1993 amendment that distinguished petit and grand larceny and increased the dollar amount of the value of goods stolen, therefore, the value of goods for grand larceny at the time petitioner pled guilty was $200 or more. *See* S.C.Code Ann. § 16–13–30 (1985). Now, grand larceny is the larceny of goods valued in excess of $1,000. S.C.Code Ann. § 16–13–30 (Supp. 2001).

dicta, Court stated one may be guilty of armed robbery which involves grand larceny or petit larceny).[3]

We now overrule the cases of *State v. Lawson, Young v. State,* and *State v. Ziegler* to the extent they found grand larceny to be a lesser-included offense of robbery. It is well-settled that the monetary value of the goods taken is an element of the offense of grand larceny. *See Johnson v. State,* 319 S.C. 62, 459 S.E.2d 840 (1995) (grand larceny involved taking and carrying away of goods valued at $200 or more; value is element of grand larceny offense); *State v. Ates,* 297 S.C. 316, 318, 377 S.E.2d 98, 99, n. 1 (1989) (in grand larceny prosecution, value is critical element; it is State's burden to prove value of stolen goods exceeds $200); *State v. Moultrie, supra* (defining grand larceny as felonious taking and carrying away of goods of another, where value exceeds $200); *State v. Humphery,* 276 S.C. 42, 274 S.E.2d 918 (1981) (trial court did not abuse discretion in allowing State to reopen case and prove value an essential element of grand larceny); *State v. Smith,* 274 S.C. 622, 266 S.E.2d 422 (1980) (grand larceny is felony which includes all elements of lesser offense of petit larceny except that grand larceny involves theft of goods valued at fifty dollars or more); *State v. Bethea,* 126 S.C. 497, 120 S.E. 239 (1923) (to convict of grand larceny there must be proof property was worth $20 or more). Grand larceny cannot be a lesser-included offense of armed robbery because the offense of armed robbery does not include the element that the value of the goods taken must exceed a certain amount. *See Hope v. State, supra* (if lesser offense includes element which is not included in greater offense, then lesser offense is not included in greater offense).

Consequently, the PCR court properly vacated petitioner's conviction for grand larceny.

---

3. Further, robbery has been found to be a lesser-included offense of armed robbery. *State v. Scipio,* 283 S.C. 124, 322 S.E.2d 15 (1984) (citing *State v. Jones,* 273 S.C. 723, 259 S.E.2d 120 (1979)). However, we have not directly answered the question of whether grand larceny is a lesser-included offense of armed robbery. *Cf. State v. Pressley,* 288 S.C. 128, 132, 341 S.E.2d 626, 628 (1986) (stated unnecessary to decide whether grand larceny is lesser-included offense of armed robbery given error would be harmless).

The indictment in this case charges the crime of armed robbery and appears to describe the crime of grand larceny.[4] However, the plea court lacked subject matter jurisdiction to sentence petitioner for grand larceny because the indictment specifically charged armed robbery, which does not include all the elements of grand larceny. *See State v. Summers,* 276 S.C. 11, 274 S.E.2d 427 (1981) (conviction may be had of offense different from one specifically charged only when such offense is essential element of that charged and only when greater offense charged includes all legal and factual elements of lesser offense), *overruled in part on other grounds by State v. McFadden,* 342 S.C. 629, 539 S.E.2d 387 (2000); *State v. Fennell,* 263 S.C. 216, 209 S.E.2d 433 (1974) (same). *See also State v. Owens, supra* (court does not have subject matter jurisdiction to convict defendant unless offense is lesser-included offense of crime charged in indictment).

Accordingly, because the plea court lacked subject matter jurisdiction to accept petitioner's plea of guilty to grand larceny, the PCR court properly vacated petitioner's grand larceny conviction.

## II

Petitioner argues the PCR court erred by finding his plea to murder was knowingly and voluntarily entered since the murder and grand larceny pleas were entered pursuant to a "package deal."

Petitioner was indicted for murder, armed robbery, accessory before the fact, and possession of a weapon during the commission of a violent crime. He pled guilty to murder and grand larceny.

The solicitor recommended a sentence of life with eligibility for parole in twenty years on the murder charge with the grand larceny sentence to run concurrently. The plea court

---

**4.** The indictment charged:

That one MARCUS A. JOSEPH ... did in Clarendon County on or about March 18, 1987, while armed with a deadly weapon, to wit: Colt .357 Magnum PIstol [sic], feloniously take from the person in the presence of Alfred Cole by means of force or intimidation, goods or monies of the said Alfred Cole, such goods or monies being described: approximately $700.00 cash.

asked petitioner whether he understood that the court did not have to accept the solicitor's recommendation, and petitioner indicated he so understood and still wished to plead guilty. The plea court asked petitioner whether his attorneys had done everything he asked of them; whether he was pleading guilty of his own free will and accord; whether he was guilty; and whether he understood that he was giving up his constitutional rights to remain silent and to a jury trial. Petitioner answered yes to these questions.' Petitioner answered no when the plea court asked if anyone had promised him anything or threatened him to acquire his guilty plea, and when he was asked if he was under the influence of alcohol or drugs. The court accepted the recommendation and sentenced petitioner accordingly.

At the PCR hearing, arguments were heard but petitioner did not present any testimony. The court denied petitioner's claim that his entire guilty plea was rendered unknowing and involuntary by the trial court's lack of jurisdiction to accept his plea to grand larceny. The PCR court stated the evidence revealed that petitioner entered his guilty plea freely, knowingly, intelligently, and voluntarily. The court found his claims to the contrary not credible, particularly where the grand larceny conviction was vacated due to a legal technicality.

 A guilty plea may not be accepted unless it is voluntary and entered into with an understanding of the nature and consequences of the charge and plea. A plea is properly accepted if the record establishes it was voluntarily and knowingly made. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Carter v. State*, 329 S.C. 355, 495 S.E.2d 773 (1998); *Dover v. State*, 304 S.C. 433, 405 S.E.2d 391 (1991).

 A defendant who enters a plea on the advice of counsel may attack the voluntary and intelligent character of a plea only by showing that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty but would have insisted on going to trial. *Roscoe v. State*, 345 S.C. 16, 546 S.E.2d 417 (2001). Thus, an applicant must show both error and preju-

dice to win relief in a PCR proceeding. *Id.* In *Roscoe,* the Court noted, "[a]lthough we have consistently held a defendant must have a full understanding of the consequences of his plea and of the charges against him, the defendant must also demonstrate prejudice to be entitled to relief on PCR." *Roscoe v. State,* 345 S.C. at 20, 546 S.E.2d at 419, n. 6 (internal citations omitted).

■ Petitioner has not framed this issue in the context of ineffective assistance of counsel and has not made a showing of prejudice in this case. Regardless, we note the PCR court correctly concluded the guilty plea to murder was entered into knowingly and voluntarily. Petitioner was properly advised and sentenced on the murder charge. Further, petitioner failed to show he was induced to plead guilty or that he would have not pled guilty to murder but for the grand larceny charge. *See, e.g., Roscoe v. State, supra* (Court denied Roscoe's claim that *all* of his pleas were affected by erroneous advice concerning armed robbery charge; found Roscoe was properly advised and sentenced on kidnapping and burglary charges and had failed to demonstrate pleas to those offenses were in any way affected by mis-advice concerning armed robbery charge).

Consequently, the PCR court's finding that petitioner knowingly and voluntarily entered a guilty plea to murder is affirmed.

### III

Petitioner argues the plea court lacked subject matter jurisdiction on the murder indictment since the indictment omitted the words "willfully" and "feloniously."

The indictment charged:

### COUNT ONE—MURDER

That one MARCUS A. JOSEPH, one BARBARA ANN MAYERS and one ERROL MAYERS did in Clarendon County on or about March 18, 1987, with malice aforethought, kill one Alfred Cole by means of shooting him with a Colt .357 Magnum Pistol, and that the said Alfred Cole did

die in Clarendon County as a proximate result thereof on or about March 18, 1987.

At the *habeas corpus* hearing, petitioner claimed the murder indictment failed to state the crime had been committed "wilfully" and "feloniously." The *habeas* court held petitioner was not entitled to relief because the indictment was sufficient to confer subject matter jurisdiction on the plea court.

The circuit court does not have subject matter jurisdiction to convict a defendant of an offense unless there is an indictment which sufficiently states the offense, the defendant waives presentment, or the offense is a lesser-included offense of the crime charged in the indictment. *State v. Owens, supra.*

S.C.Code Ann. § 17–19–30 (1985) provides:

Every indictment for murder shall be deemed and adjudged sufficient and good in law which, in addition to setting forth the time and place, together with a plain statement, divested of all useless phraseology, of the manner in which the death of the deceased was caused, charges the defendant did feloniously, wilfully and of his malice aforethought kill and murder the deceased.

An indictment for murder is sufficient "if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, the defendant to know what he is called upon to answer, and if an acquittal or a conviction thereon may be pleaded as a bar to any subsequent prosecution." *State v. Owens, supra* (citing *State v. Owens,* 293 S.C. 161, 165, 359 S.E.2d 275, 277 (1987);[4] *State v. Munn,* 292 S.C. 497, 357 S.E.2d 461 (1987) (test of sufficiency of indictment is whether it contains necessary elements of offense intended to be charged and sufficiently apprises defendant of what he must be prepared to defend)).

The murder indictment was sufficient to confer subject matter jurisdiction on the plea court. As mentioned in § 17–19–30, the indictment set forth the time ("on or about March 18, 1987") and place ("in Clarendon County") of the crime, and stated the manner in which the death of the deceased was caused ("kill one Alfred Cole by means of

---

4. *Cert. denied,* 484 U.S. 982, 108 S.Ct. 496, 98 L.Ed.2d 495 (1987).

shooting him with a Colt .357 Magnum Pistol"). While the indictment did not state petitioner "feloniously" and "wilfully" committed the murder, the indictment included the elements of murder by stating petitioner killed another with "malice aforethought." *See* S.C.Code Ann. § 16–3–10 (1985) (murder is "killing of any person with malice aforethought, either express or implied"). The offense of murder was stated with sufficient certainty and particularity in the indictment such that the plea court knew what judgment to pronounce and petitioner knew what he was being called upon to answer. *See State v. Owens, supra.*

■ While § 17–19–30 indicates that an indictment for murder will be deemed sufficient which charges the defendant did "feloniously, wilfully ... kill and murder the deceased," we will not construe this statutory language such that it leads to an absurd result. *See State ex rel. McLeod v. Montgomery,* 244 S.C. 308, 136 S.E.2d 778 (1964) (courts will reject ordinary meaning of statutory language when to accept it would lead to result so absurd that it could not possibly have been intended by Legislature, or would defeat plain legislative intention; and if possible will construe statute so as to escape absurdity and carry intention into effect). Here, the word "feloniously" is encompassed in the word "murder" because murder is a felony. Further, the word "wilfully" is encompassed in the word "malice" because malice is "the *intentional* doing of a wrongful act toward another without legal justification or excuse." *State v. Heyward,* 197 S.C. 371, 375, 15 S.E.2d 669, 671 (1941) (emphasis added). "Wilfully" and "intentionally" are synonymous terms.

Certainly, the General Assembly did not intend to burden the writing of murder indictments by requiring surplus words when their obvious intent in promulgating § 17–19–30 was to simplify indictments. *See State v. Baucom,* 340 S.C. 339, 531 S.E.2d 922 (2000) (all rules of statutory construction are subservient to rule that legislative intent must prevail if can be reasonably discovered in language used, and that language must be construed in light of intended purpose of statute); *Strother v. Lexington County Recreation Comm'n,* 332 S.C. 54, 504 S.E.2d 117 (1998) (cardinal rule of statutory construction is to ascertain and effectuate legislative intent); *State v. Rector,* 158 S.C. 212, 155 S.E. 385 (1930) (General Assembly

has sought to simplify indictments in criminal cases and to do away with useless phraseology). Section 17–19–30 is a procedural statute not intended to alter the elements of the offense of murder.

We find the indictment was sufficient to confer subject matter jurisdiction because it informed petitioner of the elements of murder.

## CONCLUSION

We find that grand larceny is not a lesser-included offense of armed robbery, that petitioner entered his plea to murder knowingly and voluntarily, and that the plea court did not lack subject matter jurisdiction on the murder indictment. Accordingly, the decisions of the PCR and *habeas* courts are

**AFFIRMED.**

TOAL, C.J. and WALLER, J., concur. PLEICONES, J., concurring in a separate opinion. BURNETT, J., concurring and dissenting in a separate opinion.

### COUNT TWO—ARMED ROBBERY

Justice PLEICONES.

I concur but write separately because I would reach the same result as the majority, although by a different approach. I agree that the failure to allege in the indictment that the murder was committed "feloniously, wilfully, and of [the petitioner's] malice aforethought" does not create a subject matter jurisdiction defect. *See State v. Rector,* 158 S.C. 212, 155 S.E. 385 (1930)(purpose of the 1887 revisions to criminal procedure, which include the statute currently codified at S.C.Code Ann. § 17–19–30, was to simplify indictments); *see also State v. Cheatwood,* 2 Hill (20 S.C.L.) 459(1834)(no jurisdictional defect where elements of offense charged in indictment using "words which are either wholly synonymous or much of the same meaning").

I further agree that grand larceny is not a lesser-included offense of armed robbery because it contains an element (value of goods taken) that is not an element of the purported greater offense. *See State v. Elliott,* 346 S.C. 603, 552 S.E.2d

727 (2001)(test for lesser-included offense). As the majority points out, the "armed robbery" count here alleges all the elements of both armed robbery and grand larceny. It thus conferred jurisdiction over both offenses, and petitioner waived any right to object to this jumbling when he failed to object prior to the entry of his plea. *Cf. State v. Hutto,* 252 S.C. 36, 165 S.E.2d 72 (1968)(jumbling objection waived pursuant to S.C.Code Ann. § 17–19–90 when not raised before jury sworn). However, since the post-conviction relief judge vacated petitioner's grand larceny plea, and since the State did not appeal that order, the law of the case is that petitioner's grand larceny conviction is vacated. *See, e.g., ML–Lee Acquisition Fund, L.P. v. Deloitte & Touche,* 327 S.C. 238, 489 S.E.2d 470 (1997)(unappealed ruling, whether correct or not, is law of the case).

I agree that petitioner's murder conviction stands, and that his grand larceny conviction falls. I agree that this result does not require a new proceeding on the murder charge, despite the fact that both pleas were the result of a single bargain, because I believe, in fact, that each plea was independently valid. I therefore concur in the majority's decision to affirm the appealed orders.

Justice BURNETT (concurring/dissenting):

I agree petitioner knowingly and voluntarily entered a guilty plea to murder and the murder indictment was sufficient to confer subject matter jurisdiction. I disagree grand larceny is not a lesser included offense of armed robbery. In my opinion, grand larceny is a lesser included offense of armed robbery and, therefore, the trial judge had subject matter jurisdiction to accept petitioner's guilty plea to grand larceny. Accordingly, I would reverse the post-conviction relief (PCR) judge's order.

The circuit court has subject matter jurisdiction to convict a defendant of an offense if 1) there is an indictment which sufficiently states the offense, 2) the defendant waives presentment, or 3) the offense is a lesser included offense of the crime charged in the indictment. *State v. Primus,* 349 S.C. 576, 564 S.E.2d 103 (2002). The test for determining when an offense is a lesser included offense of another is whether the

greater of the two offenses includes all the elements of the lesser offense. *Id.* If the lesser offense includes an element which is not included in the greater offense, then the lesser offense is not included in the greater offense. *Id.*

Robbery is the felonious taking and carrying away of the goods of another against the will or without consent of the other with force. *State v. Scipio*, 283 S.C. 124, 322 S.E.2d 15 (1984). Armed robbery occurs when a person commits robbery while armed with a deadly weapon. *Id.* Robbery is a lesser included offense of armed robbery. *Id.*

Larceny is the felonious taking and carrying away of the goods of another against the will or without the consent of the other. *State v. Brown*, 274 S.C. 48, 260 S.E.2d 719 (1979); *State v. Sweat*, 221 S.C. 270, 70 S.E.2d 234 (1952). *See* W. McAninch & W. Fairey, *The Criminal Law of South Carolina* 246 (1995) ("South Carolina continues to use the standard common law definition of larceny . . .").

Relying on prior opinions which state value is an element of grand larceny,[1] the majority concludes grand larceny is not a lesser included offense of robbery because value is not an element of robbery. None of the cited cases, however, compared the elements of robbery with grand larceny.[2]

Instead, the Court has already determined that grand larceny is a lesser included offense of robbery. In *Young v. State*, 259 S.C. 383, 386, 192 S.E.2d 212, 214 (1972), the Court noted robbery is "basically larceny compounded or aggravated by force used in the taking of property from the person or in the presence of another" and that "larceny is included in the charge of robbery." Accordingly, ". . . a verdict finding [the defendant] guilty of robbery, of necessity, carrie[s] with it a finding that he was guilty of larceny." *Id.* In *State v. Lawson*, 279 S.C. 266, 305 S.E.2d 249 (1983), the Court specifically held

---

1. *See Johnson v. State*, 319 S.C. 62, 459 S.E.2d 840 (1995), *State v. Ates*, 297 S.C. 316, 377 S.E.2d 98 (1989), *State v. Moultrie*, 283 S.C. 352, 322 S.E.2d 663 (1984), *State v. Humphery*, 276 S.C. 42, 274 S.E.2d 918 (1981), *State v. Smith*, 274 S.C. 622, 266 S.E.2d 422 (1980), *State v. Bethea*, 126 S.C. 497, 120 S.E. 239 (1923).

2. Moreover, commentators recognize value is not an element of the crime of larceny. W. McAninch & W. Fairey, *The Criminal Law of South Carolina, supra.*

grand larceny is a lesser included offense of robbery. *See State v. Brown, supra* (larceny is lesser included offense of robbery); *State v. Austin,* 299 S.C. 456, 385 S.E.2d 830 (1989) (petit larceny is lesser included offense of robbery).

It is my opinion the terms "grand" and "petit" are not elements of either grand or petit larceny, but rather distinguish the two sub-categories of the crime of larceny for sentencing purposes. While the determination of whether a particular larceny is "grand" or "petit" is a matter for the trier of fact, "grand" or "petit" larceny do not constitute unique substantive crimes but rather sub-categories of the crime of larceny. *See* W. McAninch and W. Fairey, *The Criminal Law of South Carolina, supra* ("The basic South Carolina larceny statute does very little to define the offense; the statute is primarily concerned with providing penalties for the different categories of the offense, depending on the value of the property taken.").

The majority's conclusion will permit the trial court to convict and punish a defendant for both robbery and larceny arising out of the same act without violating double jeopardy. This holding contravenes the precedent of *State v. Austin,* 299 S.C. 456, 385 S.E.2d 830 (1989), *State v. Harkness,* 288 S.C. 136, 341 S.E.2d 631 (1986), and *State v. Lawson, supra.* Moreover, the result is untenable because larceny is subsumed in the offense of robbery; larceny is robbery accomplished without force. *See State v. Brown, supra.*

Because it is my opinion grand larceny is a lesser included offense of armed robbery, I would reverse the order of the PCR judge.